70

275 P.2d 758

Daniel L. FREESE and June H. Freese, his wife, d/b/a Freese Furniture Company, Appellants,

v.

BASSETT · FURNITURE INDUSTRIES, Inc., a corporation, d/b/a W. M. Bassett Furniture Company, Appellee.

No. 5837.

Supreme Court of Arizona.

Oct. 25, 1954.

George M. Sterling, Phoenix, for appellants.

David E. Wilson and R. R. Woodford, Phoenix, for appellee.

UDALL, Justice.

This appeal primarily involves the right of the trial court—on a motion for new trial in a non-jury case—under our Rules of Civil Procedure to vacate the judgment previously entered in favor of defendants and enter a new judgment for plaintiff.

Bassett Furniture Industries, Inc., a corporation, d.b.a. W. M. Bassett Furniture Company, as plaintiff, brought suit against defendants Daniel L. Freese and June H. Freese, his wife, d.b.a. Freese Furniture Company, for the unpaid balance of $1,542.50 purportedly due for certain furniture sold and delivered to defendants Freese at their special instance and request. The answer pleads matters in confession and avoidance the details of which will be hereinafter set forth.

When the case was called for trial a motion for postponement was made because defendant Daniel L. Freese was unable to attend on account of illness. To avoid a continuance plaintiff's counsel admitted that if this defendant were present he would testify to the matters set forth in the accompanying affidavit of defense attorney George Sterling. A continuance was thereupon denied and the trial proceeded before the court sitting without a jury. No demand was made for findings of fact or conclusions of law. Plaintiff's evidence consisted of the deposition of Frank A. Jarrett, assistant secretary of the Bassett Furniture Company, and the oral testimony of W. Earl Ladlow, a local salesman. Defendants offered and there was admitted in evidence the agreement of sale dated October 13, 1950 between Freese and Hibners, the latter being the successors in interest to Freese. No witnesses were called on behalf of defendants as they apparently relied upon the contract, cross-examination of Mr. Ladlow, and their attorney's affidavit as to what Mr. Freese would testify, if present.

At the close of the trial the court announced "Judgment for the defendant". The fee was paid and judgment docketed. Plaintiff promptly filed motion for new trial upon the ground "That the judgment of the court is not justified by the evidence and is contrary to the law". After a hearing had thereon the court granted the motion, vacated the former judgment and entered judgment for the plaintiff. The defendants then made a motion for a new trial on the grounds that: (1) the "judgment is not justified by the evidence and is contrary to law", and (2) "the defendants were deprived of a fair and impartial trial by reason of errors of law occurring at the trial * * *". After a hearing thereon such motion was denied and defendants gave timely notice of appeal. We shall continue to refer to the parties as they were designated in the lower court. It should be noted that upon neither of the hearings on motions for new trial did either the plaintiff or defendants request the court to "take additional testimony" as is permitted by Rule 59(a), Civ.Proc., Section 21-1304, A.C.A. 1939.

The defendants' first assignment of error is that the evidence is wholly insufficient to sustain the judgment entered for the plaintiff.

■ As to this contention the facts, considered as they must be in a light most

favorable to sustaining the judgment here under review, are: on August 30, 1950, local salesman Ladlow in Phoenix forwarded to plaintiff in Martinsville, Virginia an order by defendants Freese for certain furniture. The uncontradicted testimony of the assistant secretary of plaintiff corporation is to the effect that this order was received by it and acknowledgement thereof made on September 16th. Subsequently, on September 28th, the order was shipped by common carrier to the Freese Furniture Company of Phoenix, the shipment being made f.o.b. the factory. There is no question that the invoice price was $1,781 nor that on April 18, 1951 a partial payment of $238.50 was made thereon, leaving a balance due of $1,542.50 which is the amount sued for. It is not denied that the shipment was subsequently received by the Freese Furniture Company.

■ The defense pleaded is supported by the affidavit as to what defendant Freese, if present, would testify. In the answer defendants admitted the placing of the order but denied it was defendant Freese's obligation. They allege that their business was sold on October 13, 1950 to one Edward J. Hibner who assumed payment of outstanding obligations, and that prior to the delivery of this merchandise the defendants cancelled said order and that plaintiff, in making delivery, did so on the credit and account of Eugene J. Hibner, George Hibner and Cletus Hibner.

(The latter were named as defendants but plaintiff was unable to procure service upon them as they were no longer in business.) Significantly it is not claimed that defendants dealt directly with the plaintiff in making the purported cancellation; their whole reliance is predicated upon the proposition that salesman Ladlow was a general agent with authority to accept the cancellation and bind the plaintiff. Mr. Ladlow emphatically denied he had any such authority and there was no documentary or other compelling evidence that would require a finding of general agency. At the most the matters urged in defense would only create a conflict which the trial court by its judgment resolved in favor of the plaintiff. There is no merit to this assignment.

■ The other assignment of error—presenting an interesting procedural question—is the claim that the trial court was acting without jurisdiction in reversing its position by vacating its first judgment and entering judgment for plaintiff. The solution to the problem turns on the construction to be given Rule 59(a), supra, which provides:

"A new trial may be granted to all or any of the parties and on all or part of the issues in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted. On a motion for a new trial *in an action tried without a jury, the court may*

*open the judgment* if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, *and direct the entry of a new judgment."* (Emphasis supplied.)

Defendant contends that the "new judgment" contemplated by this rule can only be a modification of the judgment in favor of the prevailing party rather than giving judgment, without a retrial, to the losing adversary. In support thereof he relies upon a dictum to this effect in Brooks Bros. v. Brooks Clothing of California, D.C.S.D.Cal., 5 F.R.D. 14, which in turn cites McCraw v. Simpson, 10 Cir., 141 F. 2d 789. In independent search has revealed no other cases on point nor do the standard texts on the Federal Rules give a direct answer to the problem. It is a matter of first impression in this jurisdiction.

Rule 1, Rules Civ.Proc., Section 21–201, A.C.A.1939, provides in part as follows:

"(The Rules of Civil Procedure) * * * shall be construed to secure the *just, speedy,* and *inexpensive* determination of every action." (Emphasis supplied.)

Does the construction urged by defendants effectuate this purpose? We think not. When the trial court upon reconsideration became convinced that it had entered judgment for the wrong party, it had two possible courses open. (1) It could grant a new trial. Having done so it would then be compelled to do the futile thing of hearing the same evidence again, even though as in the instant case there is no offer of newly-discovered evidence or additional testimony, or following the suggestion of Professor Moore it could:

"* * * immediately thereafter grant a summary judgment, basing its action upon the prior record, and frame the new judgment exactly as it would have amended or altered the former judgment." 6 Moore's Federal Practice, 59.12(4), n. 3.

(2) It could follow the course of action taken here. This procedure offers by far the most sensible approach. It is "just, speedy, and inexpensive". Counsel argues that with this interpretation litigants will "never be certain as to the outcome of the trial". However, Rule 59, Section 21–1304 et seq., A.C.A.1939, supra, provides time limits during which its provisions must be invoked and no litigant can ever be certain of the outcome of a trial while motions for new trial or other relief under this rule are pending.

We do not believe that the circuitous procedure which the holding urged by defendant would create is in accord with the spirit of our rules. We can see no valid reason why the words "new judgment", as they appear in the rule in question, do not include an opposite judgment to that first rendered if justice so requires. Counsel facetiously remarks that the ancient adage that it is always "the prerogative of

woman to change her mind" does not apply where, as here, the woman is a trial judge. We disagree as in our opinion the adage is true even when the woman is a trial judge. Accordingly we hold that under Rule 59(a), supra, the trial court sitting without a jury has jurisdiction upon timely motion for new trial to reverse its position by vacating its first judgment and entering judgment for the other party.

Judgment affirmed.

PHELPS, C. J., and STANFORD, LA PRADE and WINDES, JJ., concur.