[No. 33540. Department One. March 22, 1956.]

THE CITY OF SEATTLE, *Plaintiff*, v. LEON GREEN, *Defendant and Relator*, THE SUPERIOR COURT FOR KING COUNTY, *Theodore S. Turner, Judge, Respondent.*[1]

*E. K. Marohn*, for defendant and relator.

*A. C. Van Soelen* and *Charles R. Nelson*, for respondents.

PER CURIAM.—On October 21, 1955, the relator, Leon Green, made application for, and obtained from the acting chief justice of this court, an order for a writ of certiorari which provided, in part, as follows:

"IT IS THEREFORE ORDERED, that a Writ of Certiorari issue out of this court and under the seal of this court, addressed to the Honorable Theodore S. Turner . . . commanding him to certify and to return to this court . . . a full and complete transcript of the records, judgment and proceedings in said action before him as judge . . . or in the alternative to show cause why he should not do so."

The relator promptly filed the order with the clerk of the supreme court.

October 24, 1955, the clerk, not having issued a formal writ, notified the relator by mail as follows:

"If you desire a formal form of Writ in this case, it will be necessary for you to furnish the original and copies for certifying."

[1] Reported in 295 P. (2d) 323.

The relator admits that no writ was issued by the clerk of the court, and, consequently, no service thereof was made.

Prior to the time that the cause was to be heard upon its merits, the respondent timely moved to quash the certiorari proceedings for the reason that a review by this court had not been effected, either by the issuance of a writ or by service thereof. The hearing of this motion was set by the court for the same date as the hearing on the merits.

February 27, 1956, the cause was heard upon its merits. Respondent appeared specially and argued only the motion to quash.

It is the writ which officially notifies the judge of the pending proceeding and of the matter to be reviewed. In order that he have notice of the proceedings, the *writ*, which orders him to act, must be served upon him personally, unless, at the time the writ is issued, he has an attorney of record. Rule on Appeal 3 (1) (3), 34A Wn. (2d) 16.

In the instant case, no writ was issued, as directed by the order, nor was any service thereof made, as provided by the Rules on Appeal. Service of process is jurisdictional. Respondent did not waive the jurisdictional requirement.

The motion to quash this proceeding is granted.