**317 P.2d 543**

**Paul KRUG, Appellant,**

**v.**

**Royal PORTER and Catherine Porter, husband and wife, Appellees.**

**No. 6317.**

Supreme Court of Arizona.

Oct. 22, 1957.

Hughes & Steward, Phoenix, for appellant.

Croaff & Croaff and Norman H. Whiting, Phoenix, for appellees.

WINDES, Justice.

A lawsuit wherein Jack Collins was plaintiff and Royal Porter and his wife Catherine were defendants and counter-claimants. Basis of the action was to recover on promissory notes executed by defendants. Paul Krug intervened claiming to be the owner and holder in due course of the notes. Trial was had before the court without a jury and on September 19, 1955, judgment was rendered against plaintiff in favor of defendants and counter-claimants and in favor of Krug as holder in due course and that Krug "should have full recovery of same from defendant." On February 24, 1956, a hearing was had after which the court entered a judgment reciting that a motion for new trial was heard and deciding that the judgment entered September 19th was ineffective because of its uncertainty and ambiguity and rendered another judgment setting forth the respective amounts which intervener should recover on the various notes. The court in this same judgment ordered that the motion for new trial theretofore filed by the defendants Porter with respect to the judgment in favor of intervener be stricken as premature.

On February 27th, defendants filed another motion for new trial. On March 8th, a hearing was had after which the court entered an order reciting that the cause came on regularly for hearing "on defendant's Motion for a New Trial and Intervener's Motion to Amend Judgment" (intervener having theretofore made a motion to amend the judgment). This order also recites that the matters were submitted to the court for decision and proceeded to order that intervener's motion to amend be denied, that intervener Krug was not a holder in due course of the notes and that the judgment theretofore entered in his favor on February 24th be vacated and set aside. Following this order formal judgment was signed and filed adjudging that Krug was not a holder in due course; that his complaint in intervention be denied; and that defendants Porter have judgment in their favor.

Krug appeals and submits the following assignments of error:

"1. The lower court erred in granting a new trial for the reason that the motion was denied by the operation of law.

"2. The court cannot extend the time for hearing a motion for a new trial by making a previously rendered judgment more complete."

█ It is apparent that the court at the hearing of March 8th on the motion for new trial invoked the provisions of Rule 59(b), Rules of Civil Procedure (section 21-1304, A.C.A.1939), 16 A.R.S., which au-

thorizes the court on a motion for new trial in an action without a jury to open the judgment and direct the entry of a new judgment. Under the rule the court has two alternatives. It may grant the new trial or, if the record justifies, it may open the original judgment and render what it deems to be the correct one. Freese v. W. M. Bassett Furniture Industries, 78 Ariz. 70, 275 P. 2d 758. The court having thus acted, it granted no new trial and the assignment of error based on the erroneous granting of a new trial is without basis in fact and cannot be considered.

■ The so-called second assignment of error is nothing but a statement of a reason why the motion for new trial had been denied by operation of law under the provisions of section 21–1308, A.C.A.1939 (Rule 59(e), 1956 Rules of Civil Procedure). These assignments do not present the real question involved as to whether the trial court may, in the event it has lost jurisdiction to hear a motion for new trial under the provisions of Rule 59(e), supra, open and change the judgment. Be that as it may, our view is that the court had not lost jurisdiction to hear this motion. We have held that in the event the 20 days for hearing and disposing of the motion have expired, since the denial of the motion by operation of law was for the benefit of the party who obtained the judgment (intervener here) if he appears at the hearing on the merits thereof and

allows its submission for decision, it is the equivalent of stipulating for a hearing of the motion after the expiration of the 20 days and he cannot thereafter claim the court lacked jurisdiction to hear the same. Smith v. City of Nogales, 24 Ariz. 557, 211 P. 592. The record herein reflects that intervener appeared at the hearing of March 8th and the same was submitted to the court for decision without objection.

Judgment affirmed.

UDALL, C. J., and PHELPS, STRUCKMEYER, Jr., and JOHNSON, JJ., concur.