428 P.2d 129

**Walter McRAE and Hazel McRae, husband and wife, Appellants,**

**v.**

**Dolly FORREN and Mary Jo Forren, husband and wife, and John D. Prestage and Gertrude Prestage, husband and wife, Appellees.**

**No. 2 CA–CIV 281.**

Court of Appeals of Arizona.

May 31, 1967.

Rehearing Denied Aug. 2, 1967.

Review Denied Nov. 21, 1967.

466

Lesher, Scruggs, Rucker, Kimble & Lindamood. by C. Kilmer Combs, Tucson, for appellants.

Jack T. Arnold, Tucson, for appellees Forren.

Merchant, Lohse & Bloom, by William A. Riordan, Tucson, for appellees Prestage.

MOLLOY, Judge.

This personal injury suit, arising out of a three-car accident, resulted in a jury verdict in favor of the two defendants, husband and wife, who are the appellants here. On plaintiffs' motion for a new trial, a new trial was granted " * * * on the grounds of misconduct * * *" of the defendants' counsel on final argument.

The appellees here, plaintiffs below, had originally sued, in addition to these defendants, the administrator of the estate of the driver of the third automobile, who was killed in the accident in question. Prior to trial, however, the plaintiffs had taken a covenant not to sue as against the administrator-defendant, and the case proceeded to trial as to these defendants only.

During the final argument of the defendants' counsel, the transcript indicates the following:

" * * * And since you folks have taken an oath that you will do that as jurors I'm sure you will and I'm not going to belabor it. But let me tell you this, because it may make your deliberations a little more easy in the jury room. The fact that the driver of the Wright car is dead doesn't make any difference in this case. It's a tragedy, but Mrs. Prestage and Mrs. Forren [plaintiffs-appellees] have every right against the Wright Estate [the defendant as to which a covenant not to sue was taken] that they would have had had she lived. They have the right to proceed against this estate and against any of the assets just the same—

"MR. DONAHUE: If the Court please, I object to this. This is completely beyond the purview of argument of this kind.

"MR. KIMBLE: It's not. That is why I specifically mentioned I was going to argue this.

"THE COURT: Overruled. Go ahead.

"MR. KIMBLE: *And they can be compensated in full, not halfway,* but in full. So I suggest to you folks that in returning a verdict in favor of Mr. and Mrs. McRae [defendants-appellants], because they were not responsible for this accident, you are not doing any disservice at all to Mrs. Prestage or Mrs. Forren [plaintiffs-appellees]. You are only saying seek your damages from the person who caused it. Is there any question in your mind as to what caused this? * * *" (Emphasis added)

The plaintiffs concede that the argument that a third person caused the accident in question was proper, but contend that the above statements as to the capability of the Wright Estate to compensate the plaintiffs "in full" for their damage was prejudicially improper. The trial court agreed with this contention.

The statements complained of were completely outside of any evidence submitted to the jury and hence improper. 66 C.J.S. New Trial § 36, pp. 127–128; 39 Am.Jur. New Trial § 54, p. 73. The argument made has some analogy to the argu-

ment held to be improper in Sisk v. Ball, 91 Ariz. 239, 371 P.2d 594 (1962).

■ ■ Whether a new trial should be granted for improper argument of counsel is a matter lying largely within the discretion of the trial court, which will not be reversed unless there is an abuse of discretion. Waid v. Bergschneider, 94 Ariz. 21, 381 P.2d 568 (1963). We can conceive that a jury might be less inclined to find against the two living defendants before them, if they believed there was an impersonal source of funds in the form of a decedent's estate which could compensate the plaintiffs "in full." We see no abuse of discretion in granting a new trial.

The appellants further contend that the granting of a new trial was beyond the jurisdiction of the trial court in that judgment was entered from the jury's verdict on December 13, 1965, and the minute entry order granting a new trial was not entered until January 24, 1966. It is the appellants' contention that the motion for new trial was automatically denied on January 3, 1966, and that the trial court no longer had jurisdiction to grant the motion thereafter, by virtue of the provisions of Rule 59(e), Arizona Rules of Civil Procedure, A.R.S. 16:

> "Motions for new trial shall be determined within twenty days after rendition of judgment, and if not so determined shall be deemed denied, unless continued by order of the court, or by stipulation."

The motion for the new trial, which had been timely filed, was set by the trial court for oral argument on January 10, 1966. The appellants were given ample written notice of this hearing and made no objection thereto. On January 4, 1966, a legal memorandum in opposition was filed and on January 10, 1966, appellants appeared by counsel before the court to argue against the motion for new trial. At this hearing, the court took the motion for new trial under advisement, and subsequently granted it.

While this appeal was pending in this court, the appellants sought a writ of certiorari and/or prohibition as to the order granting a new trial, which was denied by this court on March 8, 1966, with the following minute entry:

> "This Court is of the opinion that the Petitioners, by failing to object to the notice of hearing on the Motion for New Trial set for January 10, 1966, by filing written opposition to the Motion for New Trial on January 4, 1966, and by appearing without objection to the jurisdiction of the Court at the oral argument on January 10, 1966, have impliedly stipulated to a continuance of a ruling upon the Motion for New Trial and/or have waived their right under Rule 59(e), Rules of Civil Procedure. Krug v. Porter, 83 Ariz. 108, 317 P.2d 543 (1957); Smith v. City of Nogales, 24 Ariz. 557, 211 P. 592 (1923). It is therefore

> ORDERED that the Petition for an Alternative Writ of Prohibition and/or Certiorari is DENIED."

Counsel informed this court at time of oral argument that this matter was also presented to the Supreme Court of this state in a petition for an extraordinary writ which was denied after an informal hearing.

The question is thus presented as to whether the order entered by this court, quoted above, together with any action that may have been taken thereon by the Arizona Supreme Court, constitutes the law of the case so that a reversal of our prior position would be improper, were we so inclined. See Alires v. Southern Pacific Company, 100 Ariz. 6, 409 P.2d 714 (1966).

The above-quoted minute order was made after an informal hearing conducted in pursuance of Rule 1(c), Rules of the Supreme Court, 17 A.R.S., which rule is made applicable as to a proceeding before this court by Rule 47, Rules of the Supreme Court, 17 A.R.S. Rule 1(c), supra, reads:

> "Alternative writs, except in habeas corpus, will not issue on ex parte applications. Written notice shall first be given to all parties in interest that on a certain day and hour fixed by the Chief Justice

application will be made for such a writ. Objections to the issuance of the writ shall be in writing and filed at least one day before the day fixed for the hearing. At the appointed time the court will *informally hear* the parties in order to determine whether the alternative writ will issue. No order staying the proceedings of any court or officer will be made until the notice provided in this subdivision has been given." (Emphasis added)

The written minute order itself is a compliance with Rule 47(d), Rules of the Supreme Court, 17 A.R.S., which provides:

"In the event the Court of Appeals declines to issue an extraordinary writ in pursuance of Rule 1(c), Rules of the Supreme Court, *and there is no formal written decision, the reason therefor shall be set forth in the court's minutes.*

"If the applicant thereafter applies to the Supreme Court for an original writ he shall state that a prior application has been made to the Court of Appeals for the same writ and the reason for the refusal of the Court of Appeals to issue it. Added effective January 1, 1965." (Emphasis added)

■ This court did not consider the minute entry quoted above as a "decision" within the purview of A.R.S. § 12–120.07, subsec. A, so that the decision was not published as are the formal written decisions of the court. It is our opinion that the Supreme Court did not intend, in requiring this court to state in its minutes its "reason" for denying the issuance of a special writ, to cause a judicial act to be performed which would be binding upon the parties and the court under the concepts of res judicata and/or law of the case.

In our sister state of California it seems to be well established that:

" ' * * * a denial by the Supreme Court or the appellate court of an application for a writ without opinion is not res judicata of the legal issues presented by the application unless the *sole possible* ground of the denial was that the court acted on the merits, or unless it affirmatively appears that such denial was intended to be on the merits.' "

Stearns v. Los Angeles City School District, Cal.App., 53 Cal.Rptr. 482, 488, (1966).

Also see numerous citations in the *Stearns* decision, 53 Cal.Rptr. at p. 488. *Stearns* indicates that it knows of no decision in California applying the "sole possible" ground exception (53 Cal.Rptr. at p. 489).

■ The petition which gave rise to the above-quoted order was one, in the alternative, for a writ of certiorari or prohibition. As to certiorari, the law seems fairly well established that the issuance of a writ of certiorari is necessary for the appellate court to have jurisdiction in the proceedings. 14 C.J.S. Certiorari § 99, p. 237; 14 Am.Jur.2d Certiorari § 42, p. 815; McAllester v. McAllester, 396 S.W.2d 363 (Tenn.1965); City of Seattle v. Green, 48 Wash.2d 563, 295 P.2d 323 (1956).

■ As to prohibition, the law seems generally to be that in order to initiate the proceedings there must either be an alternative writ issued or a rule to show cause, or other formal notice of an application for a final writ:

"In the modern American practice, it is the general rule that a rule to show cause must be granted, or an alternative writ of prohibition issued, or a notice given that at a time and place specified, an absolute writ will be applied for. The rule is only the necessary preliminary notice to inform the defendant that the writ of prohibition has been applied for and is not a writ within the meaning of the Constitution, and need not run in the name of the state. *Such a rule or an alternative writ, or something equivalent, must be issued and served in every case in which the parties do not voluntarily appear, and a failure to make service on respondents necessarily precludes the granting of an absolute writ, and may justify the dismissal of the proceeding."* (Em-

phasis added) 42 Am.Jur. Prohibition § 43, p. 178.

Also see 73 C.J.S. Prohibition §§ 27 and 28, pp. 105–106.

■ As to the petition for special relief in question, this court never issued an alternative writ. The notice of hearing given, when construed in the light of the informal nature of the hearing to be conducted (see Rule 1, Rules of Supreme Court, supra), gave notice only that this court was considering whether to take jurisdiction by the issuance of an alternative writ of prohibition or a writ of certiorari.

■ Though this court expressed its special "reason" for the denial of this particular writ, it did not intend to rule out the possibility that its denial was supported by the law generally applicable to the granting of special writs that the granting of a writ is always discretionary with the court, 14 Am.Jur.2d Certiorari § 7, p. 783, Zimmerman v. Superior Court, etc., 98 Ariz. 85, 402 P.2d 212 (1965) (prohibition), or that a special writ should not be granted when an appeal affords an adequate remedy. Miller v. Superior Court, etc., 88 Ariz. 349, 356 P.2d 699 (1960) (certiorari); Caruso v. Superior Court, etc., 100 Ariz. 167, 412 P.2d 463 (1966) (prohibition—dictum). Therefore, we consider anew the question of jurisdiction which was the subject of the quoted minute entry order of March 8, 1966.

■ However, though we do not consider this order to be conclusive under the doctrine of law of the case, on further consideration, we find the order rendered on March 8, 1966, to be proper for the reasons stated therein. Our recent decision of Wiseman Animal Hospital v. Young, 4 Ariz.App. 573, 422 P.2d 404 (1967), applying Rule 80(d), Rules of Civil Procedure, to an oral out-of-court stipulation, is not pertinent. Here, the conduct held to constitute a "stipulation" occurred in the trial court and is reflected in the official minutes of that court. Our Supreme Court has held this conduct to be the " * * * equivalent of stipulating * * *" (Krug v. Porter, 83 Ariz. at 110, 317 P.2d 543) to the trial court's determination of the new trial question after the twenty day limit set by Rule 59(e). Rule 80(d), by its express terms, has no bearing upon matters occurring " * * * in open court, and entered in the minutes."

Judgment affirmed.

HATHAWAY, C. J., and GORDON FARLEY, Superior Court Judge, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge GORDON FARLEY was called to sit in his stead and participate in the determination of this decision.