327 So.2d 883 (1976)
MOUNT SINAI HOSPITAL OF GREATER MIAMI, INC., a Florida Corporation, Petitioner,
v.
Richard S. WOLFSON, As Executor of the Estate of Julia Wolfson, Deceased, Respondent.
No. 75-1617.
District Court of Appeal of Florida, Third District.
February 24, 1976.
Adams, George, Wood, Lee & Schulte, Miami, for petitioner.
*884 Wolfson, Diamond, Logan & Edge and Laurence M. Hatfield, Miami Beach, for respondent.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
This is a petition for certiorari brought by petitioner, defendant below, to review an order denying its motion to dismiss respondent executor's, plaintiff below, amended complaint.
The amended complaint charged that petitioner caused injuries to its patient, Mrs. Julia Wolfson, deceased, by one or more of the following acts:
Petitioner failed to maintain a properly operating warning system whereby a patient in distress could get the attention of its hospital agents, servants or employees; petitioner failed to adequately maintain what signal devices were present for the use of Mrs. Wolfson and other patients in the same or similar class; petitioner failed to maintain proper surveillance of Mrs. Wolfson as required by her seriously ill condition and failed to provide her with the standard of maintenance required of a patient in the same or similar condition; petitioner failed to provide proper and adequate bedrails to insure the protection of its patients against the happening of such incidents as the one sued upon herein; and petitioner by and through its agents, servants and employees negligently and carelessly failed to diagnose the injuries to Mrs. Wolfson within adequate time to prevent her from suffering pain and distress as a result of the injuries.
Petitioner moved to dismiss respondent's amended complaint on the ground it appears from the face of the complaint that it does not conform to The Medical Malpractice Reform Act of 1975, Chapter 75-9, Fla.Laws 1975 (hereinafter referred to as the "Act"). The pertinent provision of the Act reads as follows:
"§ 768.133 Medical liability mediation panel. 
"(2) Any person or his representative claiming damages by reason of injury, death or monetary loss on account of the alleged malpractice by any medical or osteopathic physician, hospital, or health maintenance organization and against whom he believes there is a reasonable basis for a claim shall submit such claim to the appropriate panel [medical liability mediation panel] before that claim may be filed in any court of this state... ."
After a hearing, the trial court entered an order, dated October 10, 1975, denying petitioner's motion on the ground the allegations of the amended complaint demonstrate that as a matter of law the case does not fall within the purview of § 768.133, Fla. Stat. This order was predicated on respondent's argument to the trial court that the acts complained of in his amended complaint were acts constituting common law negligence and were not the types of acts contemplated in the Act.
By its petition for a writ of certiorari, petitioner seeks to quash the order denying its motion to dismiss the amended complaint on the grounds that the trial court acted without and in excess of its jurisdiction and departed from the essential requirements of the law. Petitioner also contends that, unless the order is quashed, it will have no adequate remedy by appeal if a final judgment is entered in the case.
We have carefully considered the allegations of the amended complaint in the light of the Act, especially § 768.133(2) thereof, and have concluded that the trial court erred in denying petitioner's motion to dismiss the amended complaint. It appears to us that respondent's suit is controlled by the Act and can not be maintained in a court of law in this state until it has been *885 shown that the claim was first submitted to a medical liability mediation panel as required by § 768.133(2), Fla. Stat. Therefore, for the reasons stated the writ of certiorari is granted and the order under review is quashed.
Certiorari granted and order quashed.