## Herr v. St. Francis Hospital of New Castle

*Gordon C. Post,* for plaintiff.
*William G. McConnell,* for defendant.

HENDERSON, *P.J.*, August 2, 1978—An interesting issue involving statutory construction is posed in this case. Defendant has challenged the

jurisdiction of this court, alleging that the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, 40 P.S. §1301.101 et seq., has given exclusive jurisdiction over plaintiff's claim to arbitration panels established pursuant to that act.

Plaintiff's cause of action is based upon the following allegations. Plaintiff was confined to the psychiatric ward on the fifth floor of defendant St. Francis Hospital after he attempted to commit suicide. On March 26, 1976, he pried open a window in his room and, after lowering knotted bedsheets, climbed out of the window. The bedsheets ripped and plaintiff fell, suffering severe injuries. He now seeks recovery from the hospital for its alleged negligence in having easily removable windows in the psychiatric ward, and in failing to confine plaintiff in a secure area where he could not do harm to himself.

Section 309 of the Health Care Services Malpractice Act, 40 P.S. §1301.309, states:

"The arbitration panel shall have original exclusive jurisdiction to hear and decide any claim brought by a patient or his representative for loss or damages resulting from the furnishing of medical services which were or which should have been provided. The arbitration panel shall also have original exclusive jurisdiction to hear and decide any claim asserted against a nonhealth care provider who is made a party defendant with a health care provider."

Plaintiff does not question the constitutionality of this act. Instead he argues that the act is inapplicable because his claim is not based on "the furnishing of medical services."

In construing statutes, the object is to ascertain and effectuate the intention of the General Assembly: 1 Pa.C.S.A. §1921. The purpose of the Health Care Services Malpractice Act is expressly stated in section 102 of the act: "It is the purpose of this act to make available professional liability insurance at a reasonable cost, and to establish a system through which a person who has sustained injury or death as a result of tort or breach of contract by a health care provider can obtain a prompt determination and adjudication of his claim and the determination of fair and reasonable compensation."

Although the broad sweep of this statement might be read to indicate that all tort actions against health care providers (which include hospitals, 40 P.S. §1301.103) are brought within the scope of the act, the limiting words of the jurisdictional section cited supra, confine the arbitration panel's authority to tortious action relating to the medical services offered by the hospital. The initial appellate court case interpreting this act concludes that the legislature never intended the arbitration panels to pass upon questions other than that of medical malpractice: Gillette v. Redinger, 34 Pa. Commonwealth Ct. 469, 383 A. 2d 1295 (1978).

Certainly not all negligence claims against a hospital should be directed to the arbitration panels. For example, the act might be considered inapplicable to a suit brought by a visitor to a hospital who slipped and fell in a newly-waxed corridor. But the alleged negligence in this case is not merely a product of the upkeep of the building. Plaintiff, in his cause of action, raises questions concerning the hospital psychiatric ward's supervision and restraint of a person with known suicidal

tendencies. The supervision of such a person is a subject intimately related to the treatment being received. See Gerba v. Neurological Hospital Association, 416 S.W. 2d 126, 128 (Mo. 1967).

The State of Florida has in force a Medical Malpractice Reform Act (Chapter 75-9 Fla. Laws 1975) similar to the statute in question. The Florida act provides that any person claiming damages on account of the alleged malpractice by a medical physician or hospital must first submit his claim to a medical liability mediation panel before the claim may be filed in any court of the state. A Florida appellate court has interpreted this statute to require that claims of inadequate supervision and failure to maintain a proper signaling system must first be submitted to the panel: Mount Sinai Hospital of Greater Miami, Inc. v. Wolfson, 327 So. 2d 883 (Fla. Dist. Ct. App. 1976).

The facts alleged in our case have a stronger relation to the furnishing of medical services than the claims in the Mount Sinai Hospital case. Plaintiff was in the hospital because of his self-destructive behavior. Any treatment of this mental illness would necessarily be concerned with the types of restraints placed upon the patient and the supervision exercised by the hospital. Here, where the aim of the treatment was to repress plaintiff's self-destructive impulses, the type of confinement prescribed for him is considered as being part of the furnished medical services.

Viewing the totality of the circumstances of this somewhat unusual factual situation we conclude that the legislature did intend that a case such as this should first be heard by an arbitration panel before court proceedings can be initiated. Since we

find the exclusive original jurisdiction over this matter lies with an arbitration panel under the Pennsylvania Health Care Services Malpractice Act, we will dismiss the complaint for lack of jurisdiction.