RYDER, Judge.
Vomacka seeks certiorari to review an order denying his motion for partial summary judgment and granting respondents’ corresponding motion to strike affirmative defenses. We grant certiorari and vacate the challenged orders.
Respondents’ complaint was based on factual allegations that petitioner negligently diagnosed and treated respondent for breast cancer. The complaint alleged in two counts that petitioner had failed to secure Mrs. Hervey’s informed consent to cobalt treatments and that the treatments were administered improperly. Petitioner Vomacka filed a motion for partial summary judgment, arguing that under Section 768.44, Fla.Stat. (1977), respondents must *42 submit the lack of consent claims to a medical liability mediation panel prior to filing their action in a court of law. Petitioner’s second affirmative defense was likewise grounded on failure to mediate the informed consent issue.
After a hearing, the trial court entered an order denying Vomacka’s motion for partial summary judgment and granting the Herveys’ corresponding motion to strike Vomacka’s second affirmative defense.
Section 768.44(l)(a), Fla.Stat. (1977), provides:
Any person or his representative claiming damages by reason of injury, death, or monetary loss on account of alleged malpractice by any medical or osteopathic physician, podiatrist, hospital, or health maintenance organization against whom he believes there is a reasonable basis for a claim shall submit such claim to an appropriate medical liability mediation panel before that claim may be filed in any court of this state.
Respondents correctly contend that a claim based on lack of informed consent can have its basis in technical assault and battery and, therefore, could be outside the purview of Chapter 768. See Brown v. Wood, 202 So.2d 125 (Fla.2d DCA 1967). However, in the instant case the counts alleging lack of informed consent are clearly allegations based on negligence, and therefore are the types of claims contemplated by Section 768.44(l)(a), Fla.Stat. (1977). It is thus our view that unless the claim for lack of informed consent was first submitted to a medical liability mediation panel as required by Section 768.44(l)(a), Fla.Stat. (1977), respondents cannot maintain the claim as a part of their suit. Mt. Sinai Hospital v. Wolfson, 327 So.2d 883 (Fla.3d DCA 1976).
In this case, the statement of claim filed with the mediation panel did not state an intention to resolve whether there was a breach of duty in failing to inform Mrs. Hervey of certain risks. From the record before us, we are unable to ascertain whether the question of informed consent was in fact considered by the medical liability mediation panel.
The petition for writ of certiorari is therefore granted, the order granting respondents’ motion to strike petitioner’s second affirmative defense is quashed and petitioner’s second affirmative defense is reinstated. We direct the trial court to determine whether the respondents submitted evidence of lack of informed consent to the mediation panel. If the trial court finds that the mediation panel heard evidence on informed consent, respondents shall be allowed to proceed with the claim for lack of informed consent and to have it decided on its merits. However, should the court below determine that informed consent was not submitted to the mediation panel, petitioner’s affirmative defense will preclude further consideration of the informed consent issue until such time as it is submitted for mediation.
BOARDMAN, J., concurs.
GRIMES, C. J., concurs specially with opinion.