· 619 P.2d 1059

**Rebecca BARCLAY, Plaintiff-Appellee,**

**v.**

**William C. JONES, Defendant-Appellee,**

**and**

**National Chiropractic Insurance Co., Intervenor-Appellant.**

**No. 2 CA–CIV 3439.**

Court of Appeals of Arizona, Division 2.

Sept. 29, 1980.

Rehearing Denied Nov. 5, 1980.

Review Denied Nov. 25, 1980.

---

**4.** See also *Earl M. Jorgensen Co. v. Mark Construction, Inc.*, 540 P.2d 978 (Hawaii 1975).

Miller, Pitt & Feldman, P.C. by Stanley G. Feldman and Grace McIlvain Williams, Tucson, for plaintiff-appellee.

Thikoll, Johnston & Rosen by Dennis A. Rosen, Tucson, for defendant-appellee.

Fish, Briney, Duffield, Miller, Young & Adamson, P.C. by Richard Briney, Tucson, for intervenor-appellant.

## OPINION

HATHAWAY, Chief Judge.

The pivotal question in this appeal is whether submission of a medical mal-practice action to a medical liability review panel is mandatory under the provisions of A.R.S. Sec. 12–561 et seq., concerning actions relating to health care. If under the circumstances presented here, the question is answered in the affirmative, we need not consider the other questions raised by appellant.

On April 22, 1977, a complaint was filed in superior court by plaintiff Barclay against defendant Jones, a chiropractor. She alleged that Jones was a licensed health care provider within the purview of A.R.S. Sec. 12–561, as amended, and that because of his medical malpractice, she had sustained injury. Jones filed an answer on May 13, 1977, admitting his status as a licensed health care provider and denying the allegations of malpractice. Barclay's motion to set, filed June 2, 1977, characterized the action as "medical malpractice."

Simultaneously with service of the complaint and summons, Barclay served Jones with a request for production, interrogatories and a notice of deposition requiring Jones to appear for oral examination on June 20, 1977. Jones did not comply with Barclay's attempt at discovery and filed a motion for protective order. He maintained that the case was to be referred to a medical liability panel. Barclay opposed the motion, arguing that discovery could be allowed before or after referral, and that she should be entitled to pursue discovery to prepare her case for a review panel hearing and/or trial or for both, in the event the Supreme Court upheld the constitutionality of the Medical Malpractice Act. (*Eastin v. Broomfield*, 116 Ariz. 576, 570 P.2d 744 (1977), and was then pending before the Supreme Court.) Her subsequent motion to compel discovery was heard by a special court commissioner who denied Jones' motion for protective order and granted Barclay's motion to compel. Jones sought review in this court by special action but we declined to intervene.

Barclay then filed a motion to impose sanctions on Jones for noncompliance with the order compelling discovery. The com-

missioner granted the motion and entered an order providing that the allegations of Barclay's complaint "as alleged in Paragraphs 1, 2, 3 and 4 are taken as established for the purposes of this action. . . ." Jones then sought special action relief in the Supreme Court, challenging the jurisdiction of the court commissioner and the failure to appoint a medical liability review panel. The Supreme Court declined jurisdiction.

Jones then filed a motion to set aside or modify the sanctions. The commissioner, who had previously found Jones' failure to obey the discovery orders to have been intentional and wilful, denied the motion. Other motions were subsequently filed by Jones, including a motion to amend, and were denied. We declined to review denial of these later motions by special action.

National Chiropractic Insurance Company (Chiropractic), intervenor/appellant, was Jones' liability insurer. Jones had been represented by an attorney throughout these proceedings who had been retained by the insurer. Under the Chiropractic policy, Jones had only $25,000 coverage. Barclay offered to settle within policy limits and Jones' private counsel demanded settlement, but Chiropractic refused.

On January 19, 1979, Barclay and Jones entered into a settlement agreement. It provided that Jones stipulated to the entry of judgment against him, the amount to be determined by binding arbitration without appeal and that upon entry of such judgment and assignment of his rights, Barclay would covenant not to execute against him. Notice of this agreement was given to Chiropractic which, upon petition, was allowed to intervene. Despite Chiropractic's opposition to judicial confirmation and approval of it, the settlement agreement was confirmed and approved on February 13, 1979. Chiropractic's special action in this court for relief from the confirmation order was declined.

The hearing on damages before an arbitrator appointed by the court, at which Chiropractic vigorously contested the extent of the injury and the amount of damages, resulted in an award of $185,000 in favor of Barclay. Judgment was entered on the award and Chiropractic appealed.

■■ Initially, we must point out that the refusal of this court and the Supreme Court to assume jurisdiction by way of special action were not decisions on the merits and do not constitute the law of the case. *McRae v. Forren*, 5 Ariz.App. 465, 428 P.2d 129 (1967); *Morgan v. Continental Mortgage Investors*, 16 Ariz.App. 86, 491 P.2d 475 (1971). We also reject appellees' attack on Chiropractic's standing to appeal. It has the requisite aggrievement to maintain this appeal. *Stearns–Roger Corp. v. Hartford Accident & Indemnity Co.*, 117 Ariz. 162, 571 P.2d 659 (1977); *Corridan v. Rose*, 137 Cal.App.2d 524, 290 P.2d 939 (1955). We therefore are not foreclosed from considering Chiropractic's claim that the Barclay complaint should have been referred to a medical liability review panel and that such referral is mandatory.

The Medical Malpractice Act provides that upon the filing of a medical malpractice action, the matter shall be referred to a medical liability review panel. A.R.S. Sec. 12–567(A). The only statutory exception is that "the presiding judge may waive the review panel requirement upon stipulation of all the parties." Id. In *Eastin v. Broomfield*, supra, our Supreme Court recognized that the medical malpractice plaintiff must first submit his claim to a medical liability review panel before the matter can be heard by the superior court. The court noted:

> "The panel provision was one of the several provisions enacted by the Arizona legislature in an effort to curb rising medical malpractice insurance premiums. At the time the Act was enacted, there was evidence that medical malpractice insurance costs, as well as hospital professional liability costs, were doubling every three years. (citation omitted)
>
> By providing a system whereby the meritorious claims could be separated from the frivolous ones prior to trial and pretrial settlements would be encouraged, the Act promoted a legitimate legislative purpose. (citation omitted)" 116 Ariz. at 583, 570 P.2d at 751.

Although screening panels vary from state to state as to terminology, details of composition, and operating procedures, they fall into two broad categories. The first type, adopted by most states, consists of panels for the screening of claims prior to the commencement of a lawsuit. The majority of such panels are mandatory, imposing a condition precedent to suit. The second category consists of court–regulated panels which are not invoked until after an action has been formally commenced, usually within a fixed period of time after process and pleadings have been served or filed. Most of the post–commencement panels are compulsory, but some states leave the matter to the discretion of the judge or the request of the parties. Florida and Louisiana fall in the first category. The courts of those states have held that in the absence of initial submission to a medical liability mediation panel, a suit cannot be maintained in a court of law; i. e., submission to the panel is a condition precedent to filing suit. See *Jackson v. Biscayne Medical Center, Inc.*, 347 So.2d 721 (Fla.App.1977); *Mount Sinai Hospital of Greater Miami, Inc. v. Wolfson*, 327 So.2d 883 (Fla.App. 1976); *Vincent v. Voorhies*, 359 So.2d 1129 (La.App.1978). Massachusetts, like Arizona, falls into the second category. Mass. Ann.Laws, ch. 231, Sec. 60B (Supp.1980) (hearing must be held within 15 days after answer is filed). It has been held in Massachusetts that reference of a medical malpractice action to a three–person tribunal is mandatory. *Austin v. Boston University Hospital*, 372 Mass. 654, 363 N.E.2d 515 (1977); see also, *Byrnes v. Kirby*, 453 F.Supp. 1014 (D.Mass.1978). At least one law review writer has indicated that Arizona's statutory scheme is mandatory, after a complaint is filed. See Note, Medical Malpractice Mediation Panels: A Constitutional Analysis, 46 Fordham L.Rev. 322, 350, Appendix I (1977–78).

▪ We hold, therefore, that when Barclay filed her medical malpractice complaint, referral to a medical liability review panel was mandatory and the matter had to be submitted to the panel under the Uniform Rules of Procedure for Medical Liability Review Panels. Her motions relative to discovery could only be decided by the panel chairman. A.R.S. Sec. 12–567(D). She could proceed with the lawsuit only if the decision of the panel were rejected. A.R.S. Sec. 12–567(H). The special court commissioner, therefore, had no jurisdiction to order Jones to answer Barclay's interrogatories and appear for deposition. This lack of jurisdiction rendered all of the subsequent proceedings void.

The judgment from which this appeal is taken is hereby set aside and the cause remanded with directions to vacate all the superior court orders pertaining to this case and to refer it to a medical liability review panel.

HOWARD and RICHMOND, JJ., concur.