OPINION
HATHAWAY, Judge.
The sole issue presented is whether the proceedings in this medical malpractice litigation which resulted in the plaintiff/appellee being awarded a $300,000 default judgment are void. We hold they are.
Appellant was served with the summons and complaint alleging medical malpractice in September 1981. After the expiration of the period in which he could have filed an answer, default was entered. Default judgment was subsequently entered on November 24,1981, in the amount of $300,000. Appellant claims that he first understood the consequences of the action when garnishment proceedings were begun against his holdings, at which time he moved to set aside the default judgment on January 29, 1982. He alleged his failure to answer was due to excusable neglect and his attached affidavit denied plaintiff’s allegations. He also attacked the jurisdiction of the court in entering the default and default judgment without referring the lawsuit to a medical liability review panel. The motion to set aside was denied on May 5, 1982, and this appeal followed.
The Medical Malpractice Act requires that upon the filing of a medical malpractice lawsuit, the case shall be referred to a medical liability review panel before it can be heard by the superior court. Eastin v. Broomfield, 116 Ariz. 576, 570 P.2d 744 (1977); Barclay v. Jones, 127 Ariz. 282, 619 P.2d 1059 (App.1980); A.R.S. § 12-567(A). The only exception is where the parties stipulate, the presiding judge may waive the review panel requirement. A.R.S. § 12-567(A). No stipulation was entered here.
In Barclay v. Jones, supra, we held that the plaintiff could have proceeded with the lawsuit only if the decision of the panel were rejected, A.R.S. § 12-567(H), and found that the special court commissioner had no jurisdiction to entertain discovery motions and enter orders thereon. We found that the lack of jurisdiction rendered the subsequent proceedings void. A like result is mandated here. A.R.S. § 12-567(A) requires that the complaint be referred to the panel “... within ten days after the expiration of the time for defendant’s answer ...” The statute allows for *369 the situation where the answer is never filed and, absent the stipulation, requires referral to the panel.
The default judgment and the order denying the motion to set it aside were entered without jurisdiction and are void. The cause is remanded with directions to vacate all the superior court orders pertaining to the case and to refer it to a medical liability review panel.
HOWARD, C.J., and BIRDSALL, J., concur.