263 P.2d 308

BRUNO et al.

v.

SAN XAVIER ROCK & SAND CO.

No. 5693.

Supreme Court of Arizona.

Nov. 9, 1953.

Udall & Udall, Tucson, for appellants.

Darnell, Robertson, Holesapple & Spaid, Tucson, for appellee.

STEVENS, Superior Court Judge.

The plaintiffs-appellants filed this action in Pima County for personal injuries resulting from the alleged negligence of the defendant for its failure properly to safeguard hazards which, it was claimed, it had created along a public highway. The cause was tried to a jury before the Hon. Robert S. Tullar. The jury returned its verdict in favor of the defendant.

During the course of the trial the defendant asked a series of questions of the plaintiff-husband on cross-examination and during the course of said cross-examination the plaintiff interposed an objection which was overruled. There was further cross-examination and some rebuttal questions were asked by the plaintiffs' attorney. In the argument to the jury, the defendant's attorney admittedly referred to the questions propounded on cross-examination. The plaintiffs urge that the court erred in its ruling on said objection and that the attorney for the defendant was guilty of conduct which prejudiced the rights of the plaintiffs, in fact, that such conduct was so prejudicial to the rights of

the plaintiffs that the trial court abused its discretion in failing to grant the plaintiffs' motion for new trial even in the absence of further objections and motions by the plaintiff. The plaintiff-husband was cross-examined as to his residence prior to coming to Tucson and as to whether or not he ever lived in Warren, Ohio. He stated that he had lived in New York City only and had not lived in Warren.

The following sequence then appears in the continuation of the cross-examination:

"Q. Were you ever known as Rado (phonetics)? A. Who?

"Q. Rado. A. I don't know what you are talking about, Sir.

"Q. Wasn't that your name at one time? A. R-a-d-o?

"Q. Rado. A. I am sorry, Sir, you are mistaken. You must have somebody else.

"Mr. Udall: Your Honor, I am going to object to testimony of this kind. There is no foundation of fact and it is the worst kind of insinuation and innuendo. I think it is highly improper, and I move that the question be stricken subject to the evidence being offered upon which such a question can be based.

"The Court: Well, I will sustain the objection to any further questions along that line. I don't believe there is anything that has to be stricken—

unless there is some showing of some kind that it is material."

Some question is raised in the brief as to the meaning of the last phrase in the foregoing ruling. From a slight rearrangement of the court's words, it appears clear to us that the meaning is as follows: "Well, I will sustain the objection to any further questions along that line unless there is some showing of some kind that it is material. I don't believe there is anything that has to be stricken."

The cross-examination continued without further objections being made by the plaintiffs. The questions related to whether or not the plaintiff-husband had ever been in Fresno, California, which he denied, and related to previous automobile accidents in Tucson. The plaintiff-husband admitted that he and his wife had been in two such accidents in Tucson prior to the one in question.

On redirect-examination the following day the plaintiffs' attorney asked the plaintiff-husband, among other things, "Have you ever been charged with a felony?" and, "(Have you) ever been known under any aliases?", both of which questions were answered in the negative.

The argument of the defendant's attorney to the jury was not reported and no objections or motions were made during the argument, immediately after the argument, or before submitting the case to the jury. An attempt was made to raise

the issue of prejudice to the rights of the plaintiffs on the motion for new trial by an affidavit of attorneys who heard the argument, which affidavit was controverted. The defendant's attorney asserted by affidavit that the questions were foundational questions for impeachment purposes by the use of a deposition. The deposition was before the trial court but is not before this court. The court instructed the jury in part:

"The sole evidence is what you have heard from the witnesses in the box, or what you saw in the exhibits, which were introduced. I don't imply that counsel have deliberately misquoted, or in any way improperly referred to the evidence, but their remarks are only remarks about the evidence; they are not evidence itself."

The record does not disclose that there were any exceptions to the instructions or any requested additional instructions.

There is a single assignment of error as follows:

"The Court erred and abused its discretion in refusing to grant the plaintiff's motion for new trial, for the reason that the attorney for the defendant was guilty of misconduct during the course of the trial and during his argument to the jury, which misconduct prejudiced the jury and deprived the plaintiff of a fair trial."

There is also a single proposition of law:

"Where counsel for a party is guilty of highly prejudicial misconduct in respect of matters relating to evidence, and in his argument to the jury, it is an abuse of discretion for the trial court to deny a motion for a new trial."

On oral argument the appellants' attorney stated, in substance, that he did not question the integrity and good faith of the attorney for the defendant-appellee, and the appellants' reply brief concludes by stating: "It should be plain that the error of which the appellant complains was not that the comments were made to the jury, but rather that the damaging questions were asked in the first instance."

The plaintiffs seek to justify the absence of motions and objections, save the one quoted, by asserting, "Hence, in reply to the contention that it was our duty to move for a mistrial, we can only state that when the court left this evidence in the record, such a motion was patently futile." On the oral argument, the appellants urged in substance that if it would be futile to make motions, it would not be necessary to do so. We do not see anything in the ruling quoted which justifies this position. In any event it was plaintiffs' duty to make a proper record upon which to predicate their appeal to this court. City of Prescott v. Sumid, 30 Ariz. 347, 247 P. 122; Schmerfeld v. Hendry, 74 Ariz. 159, 245 P.2d 420. The inaction of the plaintiffs'

attorney deprived the trial court of an opportunity to correct any errors it may have made and to cure any prejudicial conduct before the case was submitted to the jury. A similar situation of failure to preserve the record and failure to make timely objections and motions was presented to the Court of Civil Appeals of Texas, Dallas, in the case of Baker Hotel of Dallas, Inc., v. Rogers, 157 S.W.2d 940, affirmed by the Supreme Court of Texas, 138 Tex. 398, 160 S.W.2d 522. The Court of Civil Appeals stated, 157 S.W.2d on page 944 of the report:

"We think objection should have been made at the time the alleged improper argument was made, either openly, or privately to the court; at least, before the retirement of the jury; or, if appellant deemed the argument so prejudicial as that neither an explanation or withdrawal by counsel, nor an instruction by the court, would have rendered the argument harmless, request should have been made to withdraw the case from the jury and discharge the panel. We do not think a litigant should be permitted to lie in wait, take chances on a favorable verdict and, being disappointed, sally from ambush and, for the first time, complain of an improper argument in the motion for a new trial."

■ The trial court must have been of the opinion that the charged misconduct was not "of so serious a nature that no admonition or instructions by the court could undo the damage," City of Prescott v. Sumid, supra [30 Ariz. 122, 247 P. 125].

The trial court heard the evidence, heard the argument, and had the complete record before it. By its ruling it held that the argument was not so prejudicial, if in fact prejudicial, as to warrant a new trial. This court will not under the circumstances and the record made disturb the ruling of the trial court.

■ We believe that the trial court correctly ruled on the objection which was made. In the event that the questions asked thereafter by the defense counsel were deemed by the plaintiffs to be "along that line," the objection should have been renewed. The trial court did not indicate in its ruling that such an objection would be futile.

It is strenuously urged that the Arizona cases require a reversal of this case and a granting of a new trial. It is not contended that this record contains answers to questions after objections thereto, as in the case of Buchanan v. Green, 73 Ariz. 159, 238 P.2d 1107; nor that there was "an atmosphere, threaded with off-color remarks, directed at plaintiffs' negligent misconduct * * * (ruled out by the first appeal), and strongly prejudicial to his interests", as in the case of Stewart v. Smith, 73 Ariz. 70, 237 P.2d 803, 805; nor that the trial court permitted the receipt of immaterial and prejudicial answers

"over appellant's objection" and "over the objections of appellant" to questions, which objections were made before the answers were given as in the case of the Silver King of Arizona Mining Company v. Kendall, 23 Ariz. 39, 201 P. 102, 103.

Both of the parties have cited Sadler v. Ariz. Flour Mills Company, 58 Ariz. 486, 121 P.2d 412, 413. In that case Mr. Justice LaPrade, the trial judge, granted a new trial to the plaintiff because of matters which he felt were prejudicial to the plaintiff's rights. The defendant, who had won the verdict in the lower court and was the appellant in the case, urged that "since no exceptions were taken to such utterances by the plaintiff at the time, they may not be used as a basis for setting aside the verdict or judgment." This court, speaking of the trial court, stated:

> "If the court felt that the use of such language constituted misconduct, it could grant the motion for new trial on that ground even though no objection was made to its use by plaintiff."

The Sadler case and other Arizona cases are discussed in the Schmerfeld case, supra, and we reaffirm the matters set forth in said case.

Upon a review of the record, we do not find that the trial court abused its discretion in failing to grant the motion for new trial or that the ruling on the one objection above set forth was in error.

Judgment affirmed.

STANFORD, C. J., and PHELPS, LA PRADE, and WINDES, JJ., concurring.

NOTE: Justice LEVI S. UDALL having disqualified himself, the Hon. HENRY S. STEVENS, Judge of the Superior Court of Maricopa County, participated in his stead in the determination of this appeal.