324 P.2d 999

Lester WOLFE and Dorothy Wolfe, his wife, Appellants,

v.

Armida Bertha ORNELAS, Juan Ornelas and Lilia Ornelas, husband and wife, Appellees.

No. 6329.

Supreme Court of Arizona.

May 7, 1958.

116.

Lewis, Roca, Scoville & Beauchamp and Farone & Kanne, Phoenix, for appellants.

Fennemore, Craig, Allen & McClennen, Phoenix, for appellees.

WINDES, Justice.

Lester Wolfe and his wife Dorothy Wolfe sued Armida, Juan and Lilia Ornelas for personal injury to Mrs. Wolfe resulting from an automobile collision. The parties will be designated as they appeared in the lower court. From verdict and judgment in favor of defendants, plaintiffs appeal.

Plaintiffs were proceeding south on 7th avenue in Phoenix at a speed of 30 to 35 miles per hour. Defendant Armida Ornelas was operating defendants' car and proceeding west on Glenrosa avenue, a stop street intersecting 7th avenue where the accident occurred. The speed limit on 7th avenue is 35 miles per hour. Miss Armida Ornelas stopped at the stop sign. From its location, one could not see north on 7th avenue because of an obstruction, but after passing the obstruction there was an area of about 15 feet before entering the intersection from which one could see north and observe southbound traffic. Miss Ornelas testified that after moving out from the stop sign, she did not stop nor look for oncoming traffic and did not see plaintiffs' car until the collision occurred. Mr. Wolfe, the driver of plaintiffs' car, testified he first saw defendants' car when it was entering the intersection and he was then at least five car lengths north of it; that he then knew the driver-defendant was not going to stop and he first blew his horn thinking defendant was going to turn south but did not apply his brakes until he was within at least two car lengths from the point of collision. Mrs. Wolfe testified that when the brakes were applied, it was too late to do anything.

Exception is taken to the following instruction:

"You are instructed that at the time of the accident in question there was in force and effect a certain law in the State of Arizona requiring the driver of every vehicle to drive at an appropriate reduced speed when approaching and crossing an intersection. You are instructed that the violation of this statute is negligence per se. Therefore, if you find that the plaintiff Lester Wolfe violated this statute and that such violation proximately caused or contributed to cause the accident in question, then you must find against the plaintiffs and in favor of the defendants."

This instruction is susceptible of the interpretation that under all conditions one traveling on a favored highway at a lawful rate is required by statute to approach an intersection at an appropriate reduced

speed and if he does not, as a matter of law he is negligent. We think this is not correct. The applicable statute is section 28–701, A.R.S. Subsection E provides that "consistent with the requirements of subsection A" one must drive at an appropriate reduced speed when approaching or crossing an intersection. The requirements of subsection A are in effect that speed must be reasonable and prudent under the conditions, having regard to actual or potential hazards and that it must be controlled so as to avoid collision with those legally entering the highway. The two subsections must be read together and the object to be accomplished is safety at intersections. If a car is being operated at a lawful speed of 35 miles and because of the conditions with regard to actual or potential hazards safety demands a prudent speed of 15 miles, the driver would be required to reduce his speed accordingly. On the other hand, if the car is being operated at a lawful speed when approaching the intersection and, having regard for the actual and potential hazards then and there existing, reasonable prudence does not require a reduction in speed, none is appropriate or necessary. To have a rational meaning the statute must be given the interpretation that if under the conditions because of actual or potential hazards, it is appropriate to reduce an otherwise lawful speed such should be done, otherwise it is not required.

Minnesota has the same statute as our section 28–701, supra, requiring reduction of speed when approaching and crossing an intersection and that court's interpretation of the statute is in accordance with our interpretation herein. Neal v. Neal, 238 Minn. 292, 56 N.W.2d 673, 677. In that case the court said:

"In an arterial highway intersection case such as this, where the speed of the driver on the arterial highway is prima facie lawful * * * and where the application of the reduced-speed statute is predicated solely upon the presence of an intersection * * * to hold that the reduced-speed statute requires the driver on the arterial highway to always reduce his speed when approaching and crossing an intersection protected by stop signs would be both unreasonable and impractical. Such an intent should not be ascribed to the legislature."

If the question had been properly submitted to the jury, it could have found whether as a fact the conditions were such as to require reduction of speed and if it so found, the plaintiffs would be negligent per se for violating the statute. Gray v. Woods, 84 Ariz. 87, 324 P.2d 220. Our view is that the instruction given was inaccurate and would mislead the jury to the possible prejudice of plaintiffs.

■ Plaintiffs object to the court telling the jury that a violation of the statute requiring a reduction in speed at intersections was negligence per se and rely on Mitchell v. Emblade, 81 Ariz. 121, 301 P.2d 1032. That case is distinguishable. Therein we held that driving in excess of the definitely specified speed limits was not negligence per se for the reason that the statute provides exceeding such is only prima facie evidence of negligence. A failure to reduce speed when conditions require is not merely prima facie evidence of negligence but is negligence.

The court instructed the jury concerning the duty of a passenger. It told the jury in effect that while the passenger is not required to assume the same responsibility as the driver, he is bound to exercise such care for his safety as should be exercised by a reasonable person under the same circumstances and that if the jury found that Mrs. Wolfe knew or in the exercise of reasonable care should have known that a collision was about to result and that she had a reasonable opportunity to warn the driver and failed to do so and that such failure caused or contributed to her injuries, she could not recover.

■ The only evidence as a basis for this instruction was her testimony that she first saw defendants' car coming prior to its disappearance behind the obstruction heretofore mentioned and never saw it again until after her husband observed it as it entered the intersection. We think this testimony is not sufficient to place any duty upon Mrs. Wolfe to warn her husband of any danger of an impending collision with defendants' car or to allow the jury to find that Mrs. Wolfe had a reasonable opportunity to warn the driver if she knew or in the exercise of reasonable care should have known that a collision was about to result. Citation of authority is unnecessary in support of the proposition that there must be a possible factual finding by the jury as a basis for giving an applicable instruction. For this reason the instruction should not have been given.

■ Plaintiffs requested an instruction, which was refused, to the effect that the defendant Armida Ornelas was under the evidence negligent and that the same was the proximate cause of plaintiffs' damages. This instruction if given of course would leave nothing for the jury to decide except the amount of damages.

To support the propriety of this instruction plaintiffs argue that since Miss Ornelas admitted that after stopping at the stop sign where it was impossible to observe southbound traffic approaching the intersection and after leaving the stop sign she entered the intersection without stopping or looking after the obstruction to her

view was removed, she violated sections 28–855 and 28–773, A.R.S. The former requires the driver to stop where the driver has a view of approaching traffic and the latter requires that such stopped vehicle shall yield the right of way to vehicles on the through highway approaching so close as to constitute an immediate hazard. We think that Miss Ornelas' admissions show clearly that she did violate these sections. The instruction requested went further and would have in effect eliminated the question of contributory negligence. Plaintiffs urge us to rule that the undisputed evidence demands that the court cannot submit contributory negligence to the jury and that, therefore, the instruction was correct. We are unable to agree with this contention. We believe there is room for reasonable persons to disagree as to whether Mr. Wolfe acted as a reasonable and prudent driver in meeting the emergency presented after he observed Miss Ornelas entering the intersection and realized she was not going to stop.

Plaintiffs filed supplementary assignments of error presenting matters that were not presented to the lower court and the same are not being considered.

Reversed for new trial.

UDALL, C. J., and PHELPS, STRUCK-MEYER and JOHNSON, JJ., concur.