419 P.2d 523

**John R. MAHONEY, Appellant,**

**v.**

**Ray FROST, dba Sunset Oil Company and Susan I. Foster, Administratrix of the Estate of Cecil L. Foster, Deceased, Appellees.**

**No. 7688.**

Supreme Court of Arizona.

In Division.

Oct. 27, 1966.

Jack Cavness, Minne & Sorenson, Phoenix, for appellant.

Shimmel, Hill, Kleindienst & Bishop, Phoenix, for appellees.

LOCKWOOD, Justice:

Plaintiff sued defendants Foster and Frost for damages in the sum of $27,345.44 with interest, alleging a breach by the defendants of an oral agreement to pay diesel fuel taxes on diesel fuel sold by the defendants to the plaintiff for resale. The defendants denied having made such an agreement. Prior to trial the defendant C. L. Foster died and the administratrix of the estate Susan I. Foster was substituted.

The matter came to trial before a jury. At the end of the trial the jury returned a verdict for the defendants. The plaintiff filed a motion for a new trial, alleging misconduct by the defendants' attorney which motion was denied. From that order and judgment the plaintiff brings this appeal.

Plaintiff alleges misconduct of the defendants' counsel: during the voir dire of the jury; during the examination of the defendant Frost; on a voir dire examination of the plaintiff; during the cross-examination of the plaintiff's witness, Hileman; at other times during the trial; and during the closing arguments to the jury all of which tended to bias and prejudice the jury.

Plaintiff complains that on voir dire of the jury, defendants' counsel asked "if there are any of you who feel that just because they (the defendants) are in a facet of the

oil business they are particularly wealthy." When the court sustained an objection, defendants' counsel commented that he had wanted to get at "a little of the Texas millionaire concept." Plaintiff also contends on examination of defendant Frost, defendants' counsel attempted to show the workingman background of each defendant personally, and their lack of financial standing. The court, however instructed the jury as follows:

"Ladies and gentlemen, I will instruct you at this time, all of this testimony with respect to the financial standing and mortgage indebtedness of these defendants is not material to the issues in this case, and you should disregard it."

Plaintiff also alleged prejudicial conduct on the part of defendants' attorney in that when he asked the following question of defendant Frost "Did you give me copies of all of your invoices from all sources, I mean from all of the companies that you sold (sic—means 'bought') diesel fuel, in order for me to give those to Mr. Ward (one of plaintiff's counsel) and to his firm?" he walked over to plaintiff's table, picked up a number of unidentified records and held them aloft where the witness and the jury could see them. Plaintiff points out that without even putting any such records or any other such invoices into evidence, and without producing any witnesses from the supplying companies in support of his affirmative defense, defendants' counsel argued to the jury that plaintiff's lawyers could have subpoenaed such records since defendants had told plaintiff who defendants did business with and had supplied plaintiff with "copies of our invoices".

Plaintiff referred to other statements by defendants' counsel in attempts to impeach the witness, Hileman, (which were not objected to at the trial), and defendants' counsel requested, in the jury's hearing, that the court admonish the witness to talk to no one before his cross-examination, not even to the lawyers.

The granting or denying of a new trial on the ground that the conduct of counsel before a jury deprived the defendant of a fair trial is a matter within the sound discretion of the trial court. Waid v. Bergschneider, 94 Ariz. 21, 381 P.2d 568 (1963). By denying the motion the Court held that the conduct complained of was not so prejudicial, if indeed it was prejudicial at all, as to warrant a new trial. Bruno v. San Xavier Rock and Sand Co., 76 Ariz. 250, 263 P.2d 308 (1953); Schmerfeld v. Hendry, 74 Ariz. 159, 245 P.2d 420 (1952). Because the trial court had the whole picture before it, it was better qualified to pass on the question than are we. We stated in Selaster v. Simmons, 39 Ariz. 432, 439, 7 P.2d 258, 260 (1932):

"The supervision of trials is committed to the trial court, and in matters involving the conduct of counsel, as well as other trial matters, unless it clearly appears that some prejudice has resulted, we think we should defer to the decision and judgment of the trial court. That court had the whole picture before it and was better qualified to pass on the question, and having done so, by denial of the motion for new trial, we accept its decision and judgment."

The conduct complained of is to be severely condemned as a departure from the best professional standards. Nevertheless, in this case we cannot find that it was so prejudicial that the trial court abused its discretion in denying a motion for new trial.

*Judgment affirmed.*

STRUCKMEYER, C. J., and McFARLAND, J., concur.