439 P.2d 528

**W. O. KELCH and Estelle D. Kelch, Appellants,**

**v.**

**Donald E. COURSON and Harold Eugene Andrews, Appellees.**

**No. 1 CA–CIV 388.**

Court of Appeals of Arizona.

April 9, 1968.

Rehearing Denied April 25, 1968.

Review Granted May 23, 1968.

Charles M. Brewer and James D. Lester, Phoenix, for appellants.

Lewis, Roca, Scoville, Beauchamp & Linton, by James Moeller, Phoenix, for appellees.

MOLLOY, Judge.

This action resulted from an automobile accident which occurred June 9, 1961, at 23d Avenue and Camelback Road in Phoenix, Arizona. Plaintiffs sued defendants, Andrews, the driver of one of the cars, and Courson, the owner of the car Andrews was driving. On the trial of the action, the lower court directed a verdict in favor of defendant Courson, and the jury returned a verdict in favor of defendant Andrews. Plaintiffs appeal.

Plaintiffs predicate their appeal on several grounds, the first of which is that there was no evidence of negligence on plaintiffs' part and hence no instruction on contributory negligence should have been given. Also, plaintiffs maintain that reversible error was committed in the instruction of the jury and that they were irreparably damaged by remarks of counsel exchanged in closing argument.

Plaintiffs were proceeding in their car in an easterly direction on Camelback Road in Phoenix, Arizona, approaching 23d Avenue. At that point, Camelback is a four-lane road, two lanes of traffic going east, and two west. The plaintiffs' vehicle was in the southernmost, or right-hand lane. Immediately to the south of Camelback, and parallel thereto, is an irrigation ditch. In the left-hand lane of eastbound traffic, a car pulling a boat and trailer was stopped,

preparing to turn left (north), onto 23d Avenue. The only traffic-control devices at this intersection are stop signs for the north-south traffic approaching Camelback on 23d Avenue.

As the Kelch vehicle entered the intersection, the defendant, who had been driving west on Camelback, made a left turn in front of the Kelch vehicle and a collision resulted.

## INSTRUCTIONS RE NEGLIGENCE

The plaintiffs complain both of a failure to give an instruction to the jury that the defendant Andrews was guilty, as a matter of law, of negligence for violating A.R.S. § 28–772 [1] and of an instruction submitting to the jury the question of whether the plaintiff was guilty of contributory negligence. Both of these contentions require an analysis of the evidence pertaining to the cause of this accident.

The plaintiffs called as their witness a police officer who was qualified as an expert in the investigation of motor vehicle accidents. Taking his testimony at the fullest, to support the court's rulings below, his testimony would indicate the plaintiffs' vehicle was traveling somewhat in excess of 42 miles per hour [2] immediately prior to the accident in an area posted for a 35 miles an hour speed limit. The investigating officer testified the plaintiff Kelch informed him,

1. A.R.S. § 28–772.
   "The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or *so close thereto as to constitute an immediate hazard.*" As amended Laws 1960, Ch. 50, § 2. (Emphasis added)

2. This calculation is based upon the inferences derivable from various opinions expressed by Sgt. DeWitt and from the physical facts pertaining to this accident testified to by other witnesses. It is established the plaintiffs' Volkswagen laid down skid marks prior to impact of various lengths on each of its four wheels. The longest skid mark was by the left front wheel with marks measuring 47' 5". Sgt. DeWitt testified the most

efficient breaking action occurs in a wheel prior to a wheel locking and that the absence of skid marks on the other three wheels during the initial period when this left front wheel locked did not indicate there was no braking action on these other wheels. After the application of brakes, the Volkswagen went straight ahead until the point of impact, thus indicating there was comparatively even braking on all four wheels. Sgt. DeWitt estimated the speed of the Volkswagen at the time of impact as between 12 and 14 miles per hour. He stated brake skid marks indicate minimum and not maximum speeds and that if there had been full braking action for 47½', the minimum speed of this vehicle was 31 miles per hour, plus 10 to 12 miles per hour, depending upon the speed at time of impact.

immediately after the accident, that he had been going 35 miles per hour. Mr. Kelch testified at the trial:

"* * * at the time of *impact* I wasn't doing over 30 miles an hour." (Emphasis added)

The total paved width of Camelback, at this intersection, was 42 feet, thus mandating that each lane would be approximately 10 feet in width. Maneuverability at this intersection, as far as the plaintiffs' vehicle was concerned, was restricted by the trailer and boat in the left lane and by the ditch close to the road on the right side of the road. The point of impact was five feet two inches north of the south line of Camelback, and the Andrews vehicle was hit somewhat to the rear of center. There was testimony that this car was traveling at approximately ten miles per hour at the time of accident, thus indicating that in approximately half a second the defendant's car would have been out of the intersection.

█ Under these facts, we are of the opinion there was sufficient evidence of contributory negligence to submit this as a factual issue to the jury, see A.R.S. § 28–701,[3] and that the court properly denied an instruction which would have told the jury the defendant Andrews was guilty of negligence as a matter of law.[4]

The plaintiffs have cited no decision arising in this or any other jurisdiction which in a similar situation has ruled that the defendant was guilty of negligence as a matter of law. In a very comparable fact situation, when there seemed to be as much evidence of a violation of a right-of-way statute, our Supreme Court approved the refusal of the trial court to give such an instruction. Wolfe v. Ornelas, 84 Ariz. 115, 119–120, 324 P.2d 999, 1001 (1958).

In *Wolfe*, the Supreme Court was concerned with an application of A.R.S. § 28–773, which provides that after making a stop at the entrance to a through highway, the driver shall yield the right of way to vehicles:

"* * * which have entered the intersection from the through highway or which are approaching so closely on the through highway *as to constitute an immediate hazard* * * *." (Emphasis added)

The Supreme Court approved the refusal to give an instruction:

"* * * to the effect that the defendant Armida Ornelas was under the evidence negligent and that the same was the proximate cause of plaintiffs' damages." 84 Ariz. at 119, 324 P.2d at 1001.

The court stated:

"We think that Miss Ornelas' admissions show clearly that she did violate these sections [A.R.S. §§ 28–855 and 28–773]." 84 Ariz. at 120, 324 P.2d at 1001.

The court, however, upheld the refusal to give the requested instruction because it would have "* * * in effect eliminated the question of contributory negligence." (84 Ariz. at 120, 324 P.2d at 1001.)

In a two-car accident situation, or in any situation in which there may be counter charges of negligence, we believe our courts must be particularly careful as to the giving of a negligence-as-a-matter-of-law instruction, else we will make substantive rights depend upon which litigant wins the race to the courthouse. In this action, if Mr. Andrews had been so bold as to file suit immediately against the plaintiffs, it would be a violation of his constitutional rights to give the requested instruction. Wolfswinkel v. Southern Pacific Com-

---

3. A.R.S. § 28–701, as amended, reads in part:
   "E. The driver of every vehicle shall, consistent with the requirements of subsection A, drive at an appropriate reduced speed when approaching and crossing an intersection * * * and when special hazards exist with respect to * * * other traffic * * *."

4. The trial court submitted the matter of the defendant's negligence to the jury under a stock negligence per se instruction (that *if* the jury found the defendant had violated A.R.S. § 28–772, he would be guilty of negligence as matter of law.)

pany, 81 Ariz. 302, 305 P.2d 447 (1956), on rehearing 82 Ariz. 33, 307 P.2d 1040 (1957); and see Layton v. Rocha, 90 Ariz. 369, 368 P. 2d 444 (1962).

In a case in which there was evidence that the plaintiffs' vehicle was traveling between 53 and 58 miles per hour in a 35 miles per hour zone, and in which the "through street" type of "immediate hazard" problem was presented, this court (Division One) took the view that a negligence-as-a-matter-of-law instruction should not be given. Boudreaux v. Edwards, 1 CA-CIV 573, released February 20, 1968. We take the same view here, though admittedly the evidence of the plaintiffs' excessive speed is not as clear as in the *Boudreaux* case.

## LOOKOUT INSTRUCTION

The plaintiffs complain the court refused to instruct the jury that it "must" find the defendant negligent if he " * * * looked but failed to see what may have been in plain sight * * *." Rather than this requested instruction, the trial court gave its own "lookout" instruction to the effect that all drivers of vehicles are required to keep a proper lookout and to observe " * * * that which a person in the exercise or ordinary care could and should have seen under the circumstances * * *."

The refused instruction is predicated upon the so-called "to look is to see" doctrine, first enunciated in this state in Barry v. Southern Pac. Co., 64 Ariz. 116, 123, 166 P. 2d 825 (1946). This decision does not hold that a jury should be instructed to this effect and the categorical statement in the case relied upon is qualified by the holding of the case that this " * * * necessary and salutary rule * * *" had " * * * no application * * *" in that case because the plaintiff, who was run over by defendant's train while asleep on the railroad tracks, could not have been observed " * * * by the exercise of reasonable care * * *." (64 Ariz. at 123, 166 P.2d at 829.) Casey v. Marshall, 64 Ariz. 232, 168 P.2d 240 (1946), which also mentions this "doctrine," indicates that by reason of

its application, " * * * the jury had a right to infer, under the circumstances, that he should have seen the automobile." (64 Ariz. at 238, 168 P.2d at 244.)

We believe the "look is to see" doctrine is one permitting an inference, not one mandating it. We hold that the instruction was properly refused.

## INSTRUCTION ON "EVIDENCE OF NEGLIGENCE"

Plaintiffs complain the trial court refused to give their requested instruction which would have told the jury that the defendant's plea to the traffic charge " * * * is evidence of negligence per se." We see no error in the failure to give this instruction. The fact of the plea to the traffic offense was admitted in evidence and this potent evidentiary fact was argued to the jury by plaintiffs' counsel. But we see no requirement of a special jury instruction to give this argument additional impact. In this, as in most trials, a great many evidentiary facts were admitted for the consideration of the trier of fact. To require the trial court, in a jury trial, to single out particular pieces of evidence and to inform the jury why such evidence was admitted or what it was "evidence of" would be an intolerable burden. See 53 Am.Jur. Trial § 567, at 448; 88 C.J.S. Trial § 340, at 903–906.

## ARGUMENT OF COUNSEL

In his closing argument to the jury, plaintiffs' counsel referred to the fact that Mrs. Andrews, the wife of one of the defendants, had not testified during the trial and implied that her testimony might have been unfavorable to the defendants' position. In his closing argument, the defendants' counsel stated that Mrs. Andrews had died about two years prior to the trial and that he was " * * * sure her testimony would have been substantially the same as Mr. Andrews."

No objection was made by plaintiffs' counsel when this statement was made nor was there any motion for a mistrial prior to

**370**

the submission of the case to the jury. After a jury verdict in favor of the defendants, the plaintiffs raised the impropriety of this statement for the first time and pointed out to the trial court that there were interrogatories answered by the defendants which would indicate that Mr. Andrews was married and that his wife was residing with him. These answers to interrogatories were never amended by the defendants and in a pretrial memorandum, the defendants indicated the answers to interrogatories remained unchanged.

On appeal, the defendants admit their failure to update their answers to interrogatories was a violation of the spirit of Uniform Rules of Practice of the Superior Court, Rule VI(a) (5), requiring that a pretrial memorandum contain a statement that all answers to interrogatories " * * * reflect facts known to the date of the memorandum." (17 A.R.S.) However, defendants contend the granting of a new trial after submission of the case to the jury without objection is too drastic a remedy for this violation. We agree.

■ No appellate decision has been called to our attention which goes so far as to mandate a new trial as a sanction for a failure to comply with the duty to update answers to interrogatories. It is our view that the trial court should be given considerable leeway in determining an appropriate sanction for such a violation, see Wofford v. DeVore, 73 Ill.App.2d 92, 218 N.E. 2d 649 (1966), and Caves v. Barnes, 178 Neb. 103, 132 N.W.2d 310 (1964). In determining an appropriate sanction, we believe the trial court is justified in considering whether the violation has been willful and deliberate or inadvertent. See Discovery Practice in States Adopting the Federal Rules of Civil Procedure, 68 Harv.L. Rev. 673, at 677 (1955).

■ In this state, our courts are given considerable discretion in passing upon matters which may call for mistrial or new trial, Mahoney v. Frost, 101 Ariz. 344, 419 P.2d 523 (1966), and, with few exceptions, misconduct in closing argument must be objected to at the time of the alleged misconduct. Beliak v. Plants, 93 Ariz. 266, 379 P.2d 976 (1963).

■ We believe an appropriate objection made at the time of this argument would have given the trial court an opportunity to have admonished defendant's counsel for going outside of the record, see McRae v. Forren, 5 Ariz.App. 465, 428 P.2d 129 (1967), and for failing to update his interrogatories. We believe that such an admonition, if properly given, would have cured any prejudice to the plaintiffs' position. Under these circumstances, we will not reverse for the failure of the trial court to grant a new trial. Betz v. Goff, 5 Ariz. App. 404, 427 P.2d 538 (1967).

## WORDING OF CONTRIBUTORY NEGLIGENCE INSTRUCTION

■ For the first time, in this appeal, plaintiffs raise the propriety of the verbiage used by the trial court in instructing the jury on contributory negligence. The record indicates the instruction used by the trial court was a "stock" instruction, requested by neither party, and that the plaintiffs were given ample opportunity to examine the instruction and object thereto prior to the submission of the case to the jury. The only objection posed by plaintiffs' counsel to the instruction was that no instruction on contributory negligence at all should be given " * * * there being no evidence of any contributory negligence."

The instruction given reads as follows:

"The court instructs you that among the defenses asserted by the defendant in this case is one of contributory negligence on the part of the plaintiffs. It is the burden of the defendant to prove this contention by a preponderance of the evidence. If you find from a consideration of all the evidence indicates that plaintiff Mr. Kelch was guilty of negligence, *however slight,* and if you also find that said negligence, if any, proximately contributed to cause the injuries to plaintiffs, *then the law leaves the parties where it finds them* and neither plaintiff *should*

recover from the defendant, even though you do find the defendant was guilty of negligence. In such circumstances, it is immaterial whether the conduct of the defendant was more negligent than that of the plaintiff." (Emphasis added)

On appeal, plaintiffs assert that the giving of this instruction was "fundamental error," relying upon Trojanovich v. Marshall, 95 Ariz. 145, 388 P.2d 149 (1963).

We assume, without deciding, that the instruction given violates the holding of our Supreme Court in Schmidt v. Gibbons, 101 Ariz. 222, 418 P.2d 378 (1966).[5] However, to the extent this instruction may violate the holding of *Schmidt,* which gave further articulation to the holding of our Supreme Court in Layton v. Rocha, we do not believe the deviation is so fundamental as to require reversal when raised for the first time on appeal.

Our Rules of Civil Procedure provide succinctly that:

"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

51(a), R.Civ.P., 16 A.R.S. (in part).

This rule has received vigorous enforcement. See, *e. g.,* Kostolansky v. Lesher, 95 Ariz. 103, 387 P.2d 804 (1963).

The subject instruction is certainly not flagrantly erroneous. It submitted the question of contributory negligence in the "should" language recommended by *Layton* as the "preferable form." (90 Ariz. at 371, 368 P.2d 444). In Boies v. Cole, 99 Ariz. 198, 205, 407 P.2d 917, 921 (1965), our Supreme Court stated (in dictum):

"In Arizona contributory *negligence of the slightest degree* * * * 'may' or 'should' defeat recovery * * *." (Emphasis added)

If proper objection had been made to the subject instruction, we assume the trial court would have corrected any errors in the form of the instruction. We do not believe it fair to permit this case to be submitted to the jury under this instruction without objection and, when an adverse judgment is received, to complain for the first time on appeal.

Judgment affirmed.

KRUCKER, J., concurs.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.

HATHAWAY, Chief Judge (dissenting):

The judgment should be reversed and the cause should be remanded for a new trial in view of the erroneous instruction given on contributory negligence.

The majority correctly assumes that the instruction violates the holding of our Supreme Court in Schmidt v. Gibbons, 101 Ariz. 222, 418 P.2d 378 (1966), and notes the plaintiffs' contention of fundamental error in reliance on Trojanovich v. Marshall, 95 Ariz. 145, 388 P.2d 149 (1963), where the court considered a contributory negligence instruction on its own motion. The majority's conclusion that the instruction is not "flagrantly" erroneous ignores the evil that the instruction intrudes into the constitutionally guaranteed right that the defense of " * * * contributory negligence * * * shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury." Arizona Constitution, art. 18, § 5, A.R.S.

The jury's deliberations were tainted by the constitutionally repugnant instruction. To attain an uncontaminated verdict, a new trial to a properly instructed jury is required. The absence of "flagrant" unconstitutionality is an unfit standard for the cup of justice.

---

5. In *Schmidt,* the instruction, given over plaintiff's objection (101 Ariz. at 223, 418 P.2d at 379), used the verbiage:

" * * * then the plaintiff is not entitled to recover."