462 P.2d 864

CITY OF MESA, a municipal corporation, Appellant,

v.

Samuel Leonard BRADSHAW, Jr., Appellee.

No. I CA–CIV 897.

Court of Appeals of Arizona, Division 1.

Department A.

Dec. 18, 1969.

Rehearing Denied Jan. 6, 1970.

Review Denied Feb. 10, 1970.

Moore, Romley, Kaplan, Robbins & Green, by Philip A. Robbins and Craig R. Kepner, Phoenix, for appellant.

Standage, Allen & Phelps, by Gove L. Allen, Mesa, for appellee.

STEVENS, Judge.

Samuel Leonard Bradshaw, Sr., was seriously injured in a two-car accident at approximately 10 P.M. on 31 May 1965. He was driving westerly on University Drive in the City of Mesa. There was a stop sign at the northwest corner of University Drive and North Horne Street. A car owned by Donald Arey and driven by his son William Novack Arey was proceeding south on Horne. The Arey car did not stop prior to entering University, and it collided with the Bradshaw vehicle.

There is no indication of any negligence on the part of Bradshaw.

The trial in question commenced on 27 February 1968. During the course of the trial, Bradshaw was questioned as to statements made by him at his deposition which was taken by counsel for Arey. It was brought out that at the time of the deposition Bradshaw was the plaintiff and that the two Areys were the only defendants. The evidence then disclosed that it was at a later date, that is after the taking of the deposition, that the City of Mesa was joined as a defendant. The theory of liability as to· Mesa was that it had improperly established and maintained the stop sign in question.

At the commencement of the trial the sole defendant was the City of Mesa. In the opening statements by counsel it was explained to the jury that it should not concern itself with the fact that the Arey responsibility to respond for the Bradshaw injuries would not be submitted to the jury for its verdict. The evidence disclosed that at the time of the trial the senior Arey was in Pennsylvania and that the son was overseas in the service.

The jury returned its verdict in favor of the City of Mesa and a judgment was entered thereon. There was a timely motion for judgment notwithstanding the verdict or,. in the alternative, for a new trial. By minute entry order dated 8 April 1968, the motion for judgment notwithstanding the verdict was denied and the motoin for new trial was granted. Additional motions followed. The 8 April 1968 minute entry order was reduced to a formal written order dated 7 June 1968 and this appeal by the City of Mesa· followed.

### · THE ORDER GRANTING THE NEW TRIAL

■ An order granting a motion for new trial is an appealable order. A.R.S. § 12–2101, subsec. F, par. 1. To be appealable in form, it must be signed by the judge and filed. Rules 54(a) and 58(a), Rules of Civil Procedure, 16 A.R.S. The order must·

specify "with particularity the ground or grounds on which the new trial is granted." Rule 59(m). The minute entry of 8 April 1968 was specific. The grounds set forth in the minute entry were not repeated in the body of the formal written order of 7 June. The minute entry order was attached to and by reference expressly incorporated into the 7 June written order. We find an absence of any procedural problem in relation to the order granting the new trial.

### DISCRETION IN GRANTING A NEW TRIAL

■ Appellate courts do not examine the granting of a new trial as critically as they examine the denial of a motion for a new trial, and appellate courts are more likely to sustain the trial court's discretion when a new trial has been granted. The discretion is not absolute. In Rogers v. Mountain States Telephone & Telegraph Company, 100 Ariz. 154, 412 P.2d 272 (1966), our Supreme Court stated, in reversing the grant of a motion for new trial:

"Though we are hesitant to overturn the. ruling of a trial court in ordering a new. trial, we have stated the conditions under which such a course is required.. In State ex rel. Morrison v. McMinn, supra, [88; Ariz. 261, 355 P.2d 900] we stated:

'While it is true that the granting of a new trial is to a great extent discretionary with the trial court, such discretion, although broad, is legal and not arbitrary and must be exercised according to reason and law. (cases cited) The trial judge must of course have wide discretion because of his intimate relation to the trial and .primary justice. This does not mean,.however, that this court ·should abandon all supervision and fail to impose the limitation of legal standards on the exercise of trial court judicial discretion.'" 100 Ariz. at 165, 412 P.2d at 279.

In Rogers the Supreme Court further discussed the probative force of the evidence, a situation not of concern in this opinion for the reason that the order granting the new trial does not assign as a ground for the granting thereof that the verdict was contrary to the weight of the evidence.

## THE REASONS STATED

We can best set forth the basis upon which the new trial was granted by quoting from the order of the trial court:

"IT IS FURTHER ORDERED granting plaintiff's motion for New Trial on the following grounds:

"1. Misconduct of defendant's counsel in his closing arguments to the jury.

"In his closing arguments to the jury defendant's counsel argued in part:

'* * * and I think that the evidence here clearly indicates that Arey was not using the street in a reasonable manner and that what has happened here, essentially, for whatever reason, they are trying to shift the responsibility of the accident from Arey and State Farm over to the City of Mesa and I don't think under the evidence that you ladies and gentlemen should permit that to happen. When a driver commits a violation, then it is his responsibility to respond in damages and that's why there are outfits like State Farm around, that's their business, that's what they are supposed to do, and it isn't, it wouldn't be proper to allow Arey and State Farm to shift the responsibility, the real responsibility for causing this accident from State Farm and their insured, Arey, over to the City of Mesa, because clearly what caused this accident was the fact that Arey was driving in an imprudent and a reckless manner and he went through the stop sign and he caused the accident. And so the liability of Arey and State Farm I think are rather clear, but, again, that's not involved in this part of the lawsuit. * * *.

'And in this case, ladies and gentlemen, there is a party who is responsible. There are parties responsible. The parties are Mr. Arey, Jr., and Mr. Arey, Sr. and their insurance carrier, State Farm. And don't let anybody shift the blame from where it belongs to the City of Mesa, because under the evidence I just don't believe there is any way that you can find that the City was negligent and so on that basis we ask for your verdict.'

"This argument created bias and prejudice against the plaintiff and was prejudicial to plaintiff, depriving him of a fair and impartial trial on the merits.

"2. Error of the Court in its charge to the jury.

"One of the issues in the case was plaintiff's contention that the defendant, City of Mesa, was liable for the action of Arey in running the stop sign, an intervening cause.

"The defendant, City of Mesa, contended in part that it was not liable to plaintiff *because* of the action of Arey in running the stop sign.

"The Court failed to instruct the jury on this issue of intervening cause although requested to do so by plaintiff. This was prejudicial and reversible error." (Emphasis Theirs.)

## THE INSTRUCTION

The plaintiff requested an instruction on intervening and superseding causes. The order of the trial court limited its own assessment of its believed error to its failure to instruct on intervening cause. Under the conclusions we have reached, we are not called upon to decide the adequacy or accuracy of the instruction which the plaintiff tendered to the trial court. We believe that this somewhat difficult field of tort law is adequately discussed in Herzberg v. White, 49 Ariz. 313, 66 P.2d 253 (1937); City of Phoenix v. Schroeder, 1 Ariz.App. 510, 405 P.2d 301 (1965) which quotes from Herzberg; and State v. Watson, 7 Ariz.App. 81, 436 P.2d 175

(1967). We quote only briefly from Herzberg:

"An intervening force is defined as being one that actively operates in producing harm after the original actor's negligent act or omission has been committed. 2 Restatement, Torts, § 441." 49 Ariz. at 321, 66 P.2d at 257.

■ In the case now under consideration, to determine whether the trial court exercised sound judicial discretion in relation to this stated ground for its order, the failure to instruct on intervening cause, we must examine the evidence recognizing that the trial court occupies a favored position. The order did not relate to the weight of the evidence. It was directed to the contentions of the defendant City. The crucial sentence in this portion of the trial court's order is as follows:

"The defendant, City of Mesa, contended in part that it was not liable to plaintiff *because* of the action of Arey in running the stop sign." (Emphasis Theirs.)

In our opinion, the record does not support this statement by the trial court. Mesa urged that it was not negligent, the sole negligence being that of Arey. The issue as to the presence or absence of negligence on the part of Mesa was sharply contested. The jury was adequately instructed that regardless of the Arey conduct and any proximate cause flowing therefrom that it should return a verdict in favor of the plaintiff and against Mesa if it found negligence on the part of Mesa and proximate cause flowing therefrom. The evidence was in conflict and the jury, by its verdict, resolved the conflict and found either an absence of negligence on the part of Mesa or, if there was negligence, an absence of proximate cause. The negligence, if any, of the City of Mesa was static. If there was an intervening cause, it was the act of Arey in the manner in which he entered the intersection. He both ran the stop sign and the speed at which he was traveling was excessive. In our opinion the record does not sustain the post-judgment conclusion of the trial court, as

expressed in the order granting the new trial, that it committed error in its charge to the jury.

## THE ARGUMENT OF COUNSEL

■ In the trial of the case, there were frequent references to the Areys and their insurance carrier, State Farm. These were without objection. Many of the references were in connection with the interrogation of witnesses concerning statements which they had given to a State Farm adjustor shortly after the accident. In relation to certain statements, it was necessary to produce the written statements from the State Farm claims file. The adjustor who took the statements was not a State Farm employee at the time of the trial and was out of the county. The Claims Manager testified, identified the statements as coming from the claims file and produced them. There was a stipulation as to the foundation relating to the authenticity of the statements.

During the trial, either by stipulation or without objection, the fact that Arey had been insured by State Farm was made crystal clear. The efforts of the City of Mesa to establish that the plaintiff had settled his claim against Arey and State Farm were objected to by the plaintiff and the objections were sustained by the trial court.

In our opinion, the argument did not go beyond the evidence. In addition, no objection was made to the argument nor was there a motion for a mistrial at the conclusion of the evidence. The propriety of the argument was raised for the first time in after-judgment motions. The plaintiff urges that the conduct was so gross that it was fundamental error, error which could not have been cured by an instruction by the trial court. We do not agree. The argument was followed by carefully worded instructions of the trial court. From these instructions it was clear to the jury that it had the privilege and discretion of finding in favor of the plaintiff and against the City of Mesa, as a joint tort-feasor, if it

found negligence and proximate cause attributable to the City of Mesa.

Even though we believe there was no error in the argument, we cite some Arizona authority in support of our conclusion that plaintiff's counsel waived the error by his failure to make a timely objection and move for a mistrial. Schmerfeld v. Hendry, 74 Ariz. 159, 245 P.2d 420 (1952):

"* * * Plaintiff made no objection to the statement at the time, which if made would have given the trial court the opportunity to instruct the jury to disregard the remarks. The general rule is that when no objection is made at the time the remarks were uttered the error, if any, is waived. (Authority cited.)

"'This court has held:

'* * * (T)he usual practice requires objection to be made *at the time,* and that the court be requested to admonish the jury to disregard the improper conduct or an appellate tribunal *will not consider it.'* (Cases cited.) (Emphasis Theirs.)

'The presumption is that an admonition to the jury by the court will remove the effect of the improper remarks. Unless, therefore, it appears that the misconduct was of so serious a nature that no admonition or instruction by the court could undo the damage, a failure to make timely objection is a waiver of error.'" (Cases cited.) 74 Ariz. at 161, 245 P.2d at 421.

Bruno v. San Xavier Rock & Sand Co., 76 Ariz. 250, 263 P.2d 308 (1953):

"* * * In any event it was plaintiffs' duty to make a proper record upon which to predicate their appeal to this court. * * * The inaction of the plaintiffs' attorney deprived the trial court of an opportunity to correct any errors it may have made and to cure any prejudicial conduct before the case was submitted to the jury. * * *

'We think objection should have been made at the time the alleged improper argument was made, either openly, or privately to the court; at least, before the retirement of the jury; or, if appellant deemed the argument so prejudicial as that neither an explanation or withdrawal by counsel, nor an instruction by the court, would have rendered the argument harmless, request should have been made to withdraw the case from the jury and discharge the panel. We do not think a litigant should be permitted to lie in wait, take chances on a favorable verdict and, being disappointed, sally from ambush and, for the first time, complain of an improper argument in the motion for a new trial.'"

Deer Valley Industrial Park Development and Lease Company v. State ex rel. Herman, 5 Ariz.App. 150, 424 P.2d 192 (1967):

"It is the general law that:

'* * * a question or objection may not be raised for the first time on a motion for a new trial, and a party may not speculate on the verdict by failing to raise a matter as to which he has knowledge and then raise it for the first time on a motion for a new trial.' (Authority cited.)

"In our own state, we have the following pronouncement from our Supreme Court:

'Parties may not sit by and allow error *which is not fundamental* to be committed, without protesting and asking the trial court to correct the error at the time, and then later, when the judgment goes against them, ask for a new trial on that ground.'" (Emphasis Theirs.) 5 Ariz.App. at 153, 424 P.2d at 195.

Kelch v. Courson, 7 Ariz.App. 365, 439 P.2d 528 (1968):

"No objection was made by plaintiffs' counsel when this statement was made nor was there any motion for a mistrial prior to the submission of the case to the jury. After a jury verdict in favor of the defendants, the plaintiffs raised the impropriety of this statement for the first time * * *.

"In this state, our courts are given considerable discretion in passing upon matters which may call for mistrial or new trial, Mahoney v. Frost, 101 Ariz. 344, 419 P.2d 523 (1966), and, with a few exceptions, misconduct in closing argument must be objected to at the time of the alleged misconduct. Beliak v. Plants, 93 Ariz. 266, 379 P.2d 976 (1963)." 7 Ariz.App. at 369, 370, 439 P.2d at 532, 533.

This cause is reversed with instructions to reinstate the judgment in favor of the City of Mesa.

DONOFRIO, P. J., concurs.

CAMERON, Judge (dissenting).

I dissent as to the holding relating to the argument to the jury.