**Edwin H. SLADE and Viola Slade, His Wife, Plaintiffs-Appellants,**

v.

**Ray H. SLADE and Rodney Slade, dba Slade Trucking Company, and Douglas Slade, Defendants-Appellees.**

**No. 22973.**

United States Court of Appeals, Ninth Circuit.

March 1, 1971.

R. R. Woodford (argued), of Trew & Woodford, Phoenix, Ariz., for plaintiffs-appellants.

R. C. Mitten (argued), of Fennemore, Craig, von Ammont & Udall, Phoenix, Ariz., for defendants-appellees.

Before MERRILL, BROWNING and KILKENNY, Circuit Judges.

PER CURIAM:

Appellants, in this diversity action, seek damages for injuries suffered by Edwin Slade (hereinafter "appellant") resulting from alleged negligent operation of a truck by appellee Douglas Slade.

Appellant's truck, loaded with cattle, stalled while proceeding up a grade when it could not be shifted to low gear. Leaving Douglas Slade at the wheel, appellant crawled under the truck and attempted, with tools, to shift the gears to low by direct attack on the transmission. Thinking he had succeeded, but without crawling to safety, he called, "Now try

it." Douglas Slade released clutch and brake and applied the accelerator. The gears had not meshed and the truck slid back over appellant, injuring him. A jury found for appellees and this appeal was taken.

Appellants complain of instruction given relating to assumption of risk and last clear chance. Appellants' theory was that Douglas Slade was negligent in not realizing that all appellant meant by his directive was to see if the gears had meshed, and that this could have been done without releasing the brake; that Douglas Slade was further negligent in not assuring that appellant was in a position of safety. Appellees' theory was that Douglas Slade's response was a reasonable one under the circumstances and that appellant's directive could reasonably be taken as an assurance that he was in a position of safety; that Douglas Slade was not negligent in any respect but that appellant himself had created the hazard and caused the accident.

The instructions given did not erroneously state the law. It may be questioned whether they constituted the most appropriate means for putting the relevant factual issues to the jury, but we are satisfied that the jury was not misled. Arguments of counsel focused on the parties' respective theories, anticipated the instructions in question, and understandably related those instructions to their respective factual contentions.

Appellants contend that certain remarks made by counsel for appellees constituted prejudicial misconduct. We agree that in some respects counsel's conduct was improper. The evaluation of misconduct and assessment of its impact on a jury is, however, peculiarly the function of the trial judge, and his failure to grant a mistrial did not constitute abuse of discretion. *See* Mahoney v. Frost, 101 Ariz. 344, 419 P.2d 523 (1966).

Judgment affirmed.