812 P.2d 629

**Tracy HERMAN, a single person, Plaintiff/Appellant,**

**v.**

**Steven and Leonore SEDOR, Defendants/Appellees.**

**No. 2 CA–CV 91–0025.**

Court of Appeals of Arizona, Division 2, Department B.

May 21, 1991.

Linden, Chapa & Fields by Gary S. Grynkewich, Tucson, for plaintiff/appellant.

Slutes, Sakrison, Even, Grant & Pelander, P.C. by Philip H. Grant, Tucson, for defendants/appellees.

## OPINION

FERNANDEZ, Chief Judge.

The only issue presented in this case is whether there was any evidence to support the giving of a jury instruction. We agree with appellant that there was not and remand for a new trial.

This tragic case arises out of the death of Andrew Herman, a two-and-a-half-year-old child who drowned on June 3, 1989 in a swimming pool at a Tucson residence where he lived with his maternal grandparents. The grandparents moved into the premises in August 1987 pursuant to a written lease with appellees Steven and Leonore Sedor. At that time, the child was seven months old. On the day Andrew died, his sixteen-year-old uncle was babysitting, but he fell asleep, and the child walked out of the house and fell into the pool.

Andrew's mother, appellant Tracy Herman, filed this action against the Sedors for wrongful death. The jury returned a verdict for appellees. Appellant contends that the trial court erred in giving the following jury instruction:

> In the case of 'open and obvious' dangers to children too young to realize them, the landlord and parents may agree that the parents will assume the full duty of taking the proper and realistic measures which will protect their children from a recognized, specific hazard.

The applicable standard of review is set out in *Kauffman v. Schroeder*, 116 Ariz. 104, 106, 568 P.2d 411, 413 (1977) as follows:

> Instructions must be viewed as a whole and not piecemeal, ... the test being, upon the whole charge, whether the jury will gather the proper rules to be applied in arriving at the correct decision.... It is also the rule that unless an issue is supported by the evidence, it is improper to instruct upon it.

(Citations omitted.)

The instruction at issue was taken from the case of *McLeod v. Newcomer*, 163 Ariz. 6, 785 P.2d 575 (App.1989), in which Division One of this court reversed a summary judgment entered in favor of a landlord who was sued by her tenants after their two-year-old child fell into the swimming pool at their rented house and suffered brain damage. In the course of determining that the question of whether the landlord breached the duty he owed to the child tenant is a factual one, the court noted that a child's parents can agree to assume the duty owed by the landlord. However, the only issue before us is whether any evidence was presented to support the giving of the instruction.

Both grandparents testified that there was no discussion about the pool when they leased the house other than with regard to their responsibility to keep it clean and to use proper chemicals. Both also testified that in January, February, or March 1989, they had a conversation with Steven Sedor in which they asked him to build a fence so they could have a play yard separated from the swimming pool. The grandparents testified that Sedor refused to build a fence, and they then asked him to furnish the materials so they could build one. They

**158**

testified Sedor told them they could build one themselves if they paid for it but that anything they built would remain on the property when they left. The evidence was that the grandparents began moving gravel to put grass in a play area and priced materials to build a fence. They testified that they were awaiting payment of a tax refund in order to purchase the materials. Sedor testified that the only conversation about building a fence took place after the child's death.

We agree with appellant that the testimony of the grandparents and of appellee Steven Sedor failed to supply any evidence from which a jury could find that the landlord and tenants might have agreed that the tenants would assume the landlord's duty of taking proper and realistic measures to protect the child from the recognized, specific hazard of the pool. Absent that evidence, any finding by the jury pursuant to that instruction would be purely speculative.

■ Appellees argue that the instruction was supported both by the grandparents' testimony and by Restatement (Second) of Torts § 323 (1965). That section, however, imposes liability upon one who gratuitously undertakes to render services to another "which he should recognize as necessary for the protection of the other's person or things" and who is negligent in performing that undertaking. It does not support the giving of the instruction here. Even if it can be said that the grandparents undertook to build a fence to protect the child, that undertaking would have no effect on appellees' obligation to protect their tenants, absent an agreement by the grandparents to assume that duty. The same is true of Restatement § 324(a), which appellees also claim supports the instruction. That section imposes liability on one who

has no duty to do so but who takes charge of someone who is helpless and who fails to exercise reasonable care to secure the other's safety. It also does not affect appellees' duty to a child tenant.

■ Appellees also contend that even if there was no evidence to support the instruction, the error was harmless because appellant was free to argue that the grandparents had not assumed appellees' duty and because the jury was instructed that it might find, after it determined the facts, that some instructions did not apply. We find no merit to those contentions. Neither of the cases appellees cite supports their contention that the giving of an instruction for which there is no evidence is harmless error. *Hammer v. Bell Construction Co.,* 16 Ariz.App. 108, 491 P.2d 497 (1971); *City of Mesa v. Bradshaw,* 11 Ariz.App. 171, 462 P.2d 864 (1969). The law, in fact, is to the contrary. It is reversible error to instruct on an issue if there is no evidence to support the instruction. *Kauffman v. Schroeder, supra; Spur Feeding Co. v. Fernandez,* 106 Ariz. 143, 472 P.2d 12 (1970); *Ong v. Pepsi Cola Metropolitan Bottling Co.,* 18 Ariz.App. 457, 503 P.2d 415 (1972). If an unsupported instruction is given, it "invites the jury to speculate as to possible non-existent circumstances." *Spur Feeding,* 106 Ariz. at 148, 472 P.2d at 17. That is precisely the situation in this case.

Reversed and remanded for a new trial.

HOWARD and CARRUTH,* JJ., concur.

---

* A Judge of the Pima County Superior Court authorized and assigned to sit as a Judge on the Arizona Court of Appeals, Division Two, pursu- ant to Arizona Supreme Court Order filed July 25, 1990.